**Herman E. LEICK, Administrator of the Estate of James A. Maxwell, Deceased, Plaintiff,**

**v.**

**Francis J. PHELAN and Patricia Anderson, Special Administrators of the Estate of Frank A. Anderson, Deceased, Defendants.**

**No. 73 C 2626.**

United States District Court, N. D. Illinois, E. D.

Dec. 11, 1973.

Emil Kamin, Chicago, Ill., for plaintiff.

E. J. Garbutt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss.

This is an action seeking to redress the wrongful death of James A. Maxwell

pursuant to the Illinois Wrongful Death Statute, Chapter 70, § 1 et seq. of the Illinois Revised Statutes. Jurisdiction in this Court is based on diversity of citizenship. The amount in controversy allegedly exceeds ten thousand dollars exclusive of interest and costs.

The plaintiff, Herman E. Leick, is a resident of the City of Corbin, Kentucky, and was the duly appointed Administrator of the Estate of James A. Maxwell, deceased, by the Knox County Court on September 21, 1973. The defendants are Francis J. Phelan and Patricia Anderson, both residents of the state of Illinois. The plaintiff seeks to have this Court name them Special Administrators of the Estate of Frank A. Anderson, deceased, pursuant to the Illinois Civil Practice Act, Chapter 110, Section 54. No petition for Letters of Administration has been filed in the matter of the Estate of Frank A. Anderson. The plaintiff seeks to have Frank A. Anderson's spouse, Patricia Anderson, named as a party-defendant, pursuant to Chapter 110, Section 54 of the Illinois Revised Statutes, so that she might be properly advised of the pending action against said decedent's estate.

The plaintiff in the complaint alleges the following facts, *inter alia:*

1. On or about July 20, 1972 Frank A. Anderson was operating a motor vehicle on an Illinois highway, Route 25, moving in a northwesterly direction toward a Chicago and Northwestern Railroad bridge in the vicinity of Gilbert Street in St. Charles, Illinois.

2. James A. Maxwell was a passenger in the automobile driver by Frank A. Anderson. At all times pertinent to this action James A. Maxwell was exercising due care and caution for his own safety and the safety of others, and Frank A. Anderson had the duty to operate the motor vehicle so as not to injure James A. Maxwell.

3. In violation of this duty Frank A. Anderson did commit one or more of the following acts:

a. did operate the vehicle at an excessive speed in light of the conditions prevailing;

b. did operate the vehicle into the wrong lane of traffic;

c. did operate the vehicle without proper lookout for traffic or obstructions.

4. As a direct and proximate result of one or more of the above negligent acts the motor vehicle in which they were riding was caused to collide with a railroad bridge's foundation running over Route 25, causing the deaths of James A. Maxwell and Frank A. Anderson.

The defendants, in support of their instant motion to dismiss, contend that the instant complaint attempts to join Patricia Anderson and Francis J. Phelan as representative parties-defendant for Frank A. Anderson while, in fact, Francis J. Phelan and Patricia Anderson are not representatives of the Estate of Frank A. Anderson and are not subject to jurisdiction in a representative capacity pursuant to Chapter 110, Section 54 of the Illinois Revised Statutes.

The plaintiff contends that the defendants are proper parties to the instant action.

It is the opinion of this Court after examining the relevant statute and case law that Francis J. Phelan and Patricia A. Anderson are not proper party defendants to the instant action and thus the instant action should be dismissed without prejudice.

The crucial point of contention raised by the parties in the instant action is whether Section 54(2) of Chapter 110 of the Illinois Revised Statutes provides for the appointment of a special administrator only in pending cases wherein a party to the action dies and not in cases wherein the action has not yet been commenced at the time of the parties' death.

Legal scholars have developed a three-fold imperative for the interpretation of a statute: "(1) read the statute; (2) read the statute; (3) read the statute." [1] There are times when adherence to this simple principle cannot only be the first step in the interpretative process but also the last.

■ A reading of Section 54(2) clearly reveals that the statute provides only for the appointment of a special administrator in pending cases wherein a party to the action dies and does not apply in a case wherein the action has not been commenced before the putative defendant has died.[2]

1. Friendly, Mr. Justice Frankfurter and the Reading of the Statutes, 30, collected in Felix Frankfurter: The Judge (Mendelson ed., 1964) at 35–36.

2. Section 54(2) of Chapter 110 of the Illinois Revised Statutes provides:

"If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion. If a motion to substitute is not filed within 90 days after the death is suggested of record, the action may be dismissed as to the deceased party.

If the death of a party to a personal action is suggested of record and no petition for letters of office for his estate has been filed, the court, upon motion and after such notice to the party's heirs, legatees or devisees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action. If a legal representative is appointed for the estate before judgment is entered, and his appointment is suggested of record in the action, the court shall order that he be substituted for the special administrator.

If a judgment is entered or the action is settled in favor of the special administrator, he shall distribute the proceeds as provided by law, except that if proceeds in excess of $1,000 are distributable to a minor or incompetent, the court shall allow disbursements and fees to the special administrator and his attorney and the balance shall be administered and distributed under the supervision of the probate division of the court.

In the event of the death of a party in an action in which the right sought to be

Further, an examination of Section 54 reveals that the language of the first section provides, in relevant part:

"Change of interest or liability. If by reason of marriage, bankruptcy, assignment, or *any other event occurring after the commencement of a cause or proceeding, either before or after judgment,* causing a change or transmission of interest or liability" (emphasis added).

The intention of the legislature is clear. The language specifically states that certain events occurring after commencement of a cause of action will give rise to an order for the proper parties to be substituted.

Subsection 2 of Section 54 is merely another event giving rise to an order, upon proper motion, for a proper party to be substituted, in this case in the *event* of death. There is nothing to indicate that the legislature's intention in enacting the second subsection of Section 54 should be construed differently than the first subsection. When the language of Section 54(2) is read in context with the whole of Section 54 there is no doubt that subsection 2 only applies where an action has already been commenced.

This interpretation of the statute is supported by its legislative history and background.[3] Section 54(2) replaced former Section 10 to 18 inclusive and 23 of the Illinois Abatement Act. Under the former Section 12 of the Abatement Act, if there were multiple plaintiffs or

defendants and any one of them died before final judgment, the action by or against the deceased person abated although it could be continued by or against the survivors. A new action had to be brought by or against the representatives of the deceased person as to whom the action had abated. Under 54(2) the death of a party does not abate the action as to him if the action survives, but his representative may be substituted in the same cause.

■ The use of the word "substituted" in Section 54(2) makes it mandatory that there be a pending action because without a pending action no valid substitution can be made. See Reed v. Long, 122 Ill.App.2d 295, 259 N.E.2d 411 (1970); Bavel v. Cavaness, 12 Ill.App.3d 633, 299 N.E.2d 435 (1973).

The defendants Patricia Anderson and Francis J. Phelan are not presently representatives of the estate of Frank A. Anderson. Since this action was not pending prior to the death of Frank A. Anderson the defendants cannot be appointed as Special Administrators of the Estate of Frank A. Anderson pursuant to Chapter 110, Section 54(2) of the Illinois Revised Statutes. Thus, this Court lacks any jurisdiction over the defendants *qua* representatives of the Estate of Frank A. Anderson.

Accordingly, it is hereby ordered that the defendants' motion to dismiss is granted and the cause is dismissed without prejudice.

enforced survives only as to the remaining parties to the action, the action does not abate. The death shall be suggested of record and the action shall proceed in favor of or against the remaining parties.

No action brought for the use of another abates by reason of the death of the

plaintiff whose name is used but may be maintained by the party for whose use it was brought in his own name upon suggesting the death of record and the entry of an order of substitution."

3. See the Joint Committee Comments as set out in S.H.A. Chapter 110, Section 54.