**Margaret COLEMAN, et al., Plaintiffs,**

v.

**Robert McLAREN, et al., Defendants.**

**No. 78 C 2117.**

United States District Court,
N.D. Illinois, E.D.

March 28, 1984.

Jack Uretsky, Marshall Patner, Chicago, Ill., for plaintiffs.

No appearance for defendant Pieronett.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiffs have previously suggested the death of defendant J.S. Pieronett and moved that the personal representative of his estate be substituted as defendant in his place. Because no personal representative had then been appointed, on June 7, 1983 this Court entered and continued the motion for substitution generally.

On December 27, 1983 plaintiffs filed "Suggestions for Substitution of Defendants," advising that no estate had been opened for Mr. Pieronett and suggesting that this Court name the State's Attorney of DuPage County as special administrator in accordance with Ill.Rev.Stat. ch. 110, ¶ 2–1008(b) ("Paragraph 2–1008(b)"). This Court expressed serious reservations about its power in that respect and invited the parties to submit authorities dealing with the issue.

In response plaintiffs have cited *Nichols v. Marshall,* 491 F.2d 177 (10th Cir.1974) and *Leick v. Phelan,* 367 F.Supp. 824 (N.D. Ill.1973). Neither does the job for them:

1. All *Nichols* teaches is that "a federal district court in a diversity case [generally] has the same jurisdiction as does the state court of general jurisdiction in the state where the federal district court is sitting" (491 F.2d at 180). But the personal representative in *Nichols* had *already* been appointed by the

appropriate probate court (the state court), so there was no hint the federal court would have power to make that appointment. On the contrary, the implications of the opinion—referring as it does to appointments in Kansas *probate* proceedings, *id.* at 180, 182—are to the contrary.

2. As for *Leick,* Judge Bauer proceeded to construe the predecessor of Section 2–1008(b) and held it did not apply to the situation confronting him. Plainly his attention was not addressed to the jurisdictional question posed by this Court.

■ It must be remembered that though state law provides the substantive rules of decision in diversity actions, matters of procedure—of practice—are determined under *federal* law. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Any provision deriving from a state's Code of Civil *Procedure* (the title of Chapter 110 of the Illinois statutes) starts out at least inherently suspect as a putative source of power for a federal court.

At least two factors deepen that inherent suspicion:

1. Paragraph 2–1008(b) itself requires "the court" (and of course that obviously speaks of an Illinois state court) to serve "such notice to the party's heirs, legatees or devisees as the court directs," and then provides the same court "without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action." That substitution for formal probate proceedings nonetheless partakes of a probate-type power (involving ascertainment of heirs, legatees or devisees and appointment of. the personal representative, all as only a probate court may normally do). It is of course well known that probate-type proceedings are a specific historic (albeit judge-created) exception to federal courts' diversity jurisdiction. *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Rice v. Rice Foundation,* 610 F.2d 471, 474–75 (7th Cir.1979); see also *Dragan v. Miller,* 679 F.2d 712, 713 (7th Cir.1982).

2. Fed.R.Civ.P. ("Rule") 17 controls the procedure and practice as to parties in the federal courts. Under Rule 17(b), capacity of someone "acting in a representative capacity" is dealt with—but only Rule 17(c) specifically authorizes the federal court to appoint a personal representative—and that is specifically limited to appointment of guardians ad litem for infants or incompetents. By negative implication no such power exists to appoint a personal representative in the case of a decedent.

Thus nothing submitted to this Court supports its power to take the action requested by plaintiffs.

■ Accordingly plaintiffs' motion is denied. This should not be viewed as a final, with-prejudice rejection. It is rather that under the circumstances the burden of persuasion is on plaintiffs, and they simply have not met it by what they have tendered (nor has this Court's own research, though admittedly limited, uncovered anything supportive).