ZAMIR BAVEL et al., Plaintiffs-Appellees, v. L. C. CAVANESS, Admr. of the Estate of Lillian D. Rausch, Defendant-Appellant.

(No. 71-254;

Fifth District—July 10, 1973.

G. MORAN, J., dissenting.

Listeman, Bandy & Hamilton, of Belleville, (James J. Gomric, of counsel,) for appellant.

J. C. Mitchell and W. A. Armstrong, both of Marion, for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiffs filed an action in the Circuit Court of Williamson County wherein they sought recovery for personal injuries and property damage incurred in an automobile collision. Defendant filed a motion to dismiss the complaint which motion was denied, whereupon defendant made application pursuant to Supreme Court Rule 308 for permission to appeal the interlocutory order denying his motion to dismiss. Defendant's application was allowed and this appeal followed. It is defendant's sole claim that the complaint here is barred by the Statute of Limitations.

The facts in the case are as follows: On July 14, 1967, plaintiffs were involved in an automobile accident wherein a car which was driven by one plaintiff and in which the other plaintiff was a passenger collided with an automobile driven by Lillian D. Rausch, a resident of the State of Indiana. Lillian Rausch died in the collision and her estate was opened in Indiana on July 19, 1967 and closed on April 3, 1968. On July 14, 1969, exactly two years after the accident, plaintiffs filed suit in the Circuit Court of St. Clair County naming as defendants the Estate of Lillian D. Rausch, its executors and heirs. By reason of diversity of citizenship the cause was transferred to Federal District Court where the individual who was served with the complaint filed a motion to dismiss alleging that the Statute of Limitations had run and that the plaintiffs had failed to file a complaint against any proper party within the time allowed by said Statute. On January 18, 1971 the Federal District Court held that the suit was void ab initio by virtue of plaintiffs' failure to name a proper party-defendant and the complaint was therefore dismissed. No further action was taken in the Federal court. However, on April 21, 1971 plaintiffs sought the appointment of defendant, the Public Administrator of Williamson County, and over his objection letters of administration were issued, whereupon suit was immediately filed. Defendant then filed a motion to dismiss the complaint on the grounds that it was barred by the Statute of Limitations which motion was denied and he now appeals.

The cause of action here involved accrued on July 14, 1967, the date of the accident, and the suit before us was filed approximately three years and ten months after that date. The Illinois Statute of Limitations provides that actions for an injury to the person shall be commenced within two years next after the cause of action accrued (Ill. Rev. Stat. 1967, ch. 83, sec. 15) and that actions for an injury done to property shall be commenced within five years next after the cause of action accrued (Ill. Rev. Stat. 1967, ch. 83, sec. 16). It is therefore obvious

that Counts I and II of plaintiffs' complaint, which relate to personal injuries, were barred by the Statute of Limitations unless one or more of the exceptions contained in that Act extended the time in which they were required to plead. It is also clear that Count III of the complaint, which deals with claimed property damage, is not barred, it having been filed within the time limited by law.

■■ One of the exceptions to the general limitation period relied upon by plaintiffs is contained in section 20 of the Limitations Act wherein it is provided that "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his * * * administrators after the expiration of the time limited for the commencement of the action, and within nine (9) months after the issuing of letters * * * of administration." (Ill. Rev. Stat. 1967, ch. 83, sec. 20.) Plaintiffs claim that this exception prevails in the case now before us and that their personal injury action cannot be barred for their failure to initiate the suit before the general two-year period of limitation. It is their position that although they didn't bring this suit until after the two-year statute expired, they did bring the action within nine (9) months after April 21, 1971, the date defendant was appointed as administrator, and that the suit was therefore not barred. This argument overlooks the fact that on July 19, 1967, approximately three (3) years and ten (10) months prior to defendant's appointment in Illinois, an administrator for the estate of the deceased defendant was appointed in Indiana, her place of residence and the situs of her estate. Section 20 makes no distinction as to where the letters shall be issued, referring simply to issuance of letters, and it is clear that the plaintiffs did not initiate their suit within nine months from the date the Indiana estate was opened.

It is not necessary for us to determine whether plaintiffs were required to file within nine months from the date the letters of administration were issued, which would have the effect of reducing the applicable two-year limitation period, for it is clear that plaintiffs failed to file either within nine months after the letters were issued or within two years after the cause of action accrued and that they are therefore barred regardless of which limitation period is applied.

Plaintiffs also claim that section 24(a) provides statutory relief from defendant's assertion of the Statute of Limitations. That section provides "* * * or if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his

heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, * * * after the plaintiff is nonsuited or the action is dismissed for want of prosecution." Ill. Rev. Stat. 1967, ch. 83, sec. 24(a).

■■ It is axiomatic that in order to have a civil suit in tort there must be a plaintiff and a defendant and it is likewise clear that the prime requisite as to parties, whether plaintiffs or defendants, is that they be either a natural or artificial person and that the capacity to be sued exists only in persons in being and not those who are dead or have not yet been born. (29 I.L.P., Parties, sec. 21, p. 164.) In the instant case the suit was initiated against the "Estate of Lillian D. Rausch, its executors and heirs". These named defendants are not "parties" within the above definition and therefore the suit under consideration was a complete nullity. (Compare *Reed v. Long,* 122 Ill.App.2d 295, 259 N.E.2d 411.) As a matter of law, therefore, there was no action upon which to base the one-year extension provided by section 24(a). A case which was legally never in existence cannot be dismissed or nonsuited for it was a nullity from its inception and incapable of legally being acted upon. We realize that the purpose of the statute extending time for bringing suit where action has been commenced and plaintiff has been nonsuited is to facilitate disposition of litigation upon merits and to avoid frustration upon grounds unrelated to the merits. (*Roth v. Northern Assurance Co.,* 32 Ill.2d 40, 203 N.E.2d 415.) Here, however, where there was no defendant there was no action capable of being heard on the merits. Failure to name a defendant is not a mere technicality in procedure or form but constitutes rather a total absence of a cause of action. The statute in referring to a "new" action pre-supposes an old or prior action filed within the original limitation period and here, as a matter of law, there was no such prior action. It is therefore evidence that plaintiffs did not commence a "new" action when they filed the complaint now before us, but rather commenced the *only* action, which action was filed well beyond the limitation period allowed.

Under the views herein expressed, we find that the trial court erred in denying defendant's motion to dismiss that portion of plaintiffs' complaint that relates to their personal injury actions. Defendant's motion did not, however, differentiate between the claims for personal injury and that for property damage and it is clear that a valid action for damage to property was commenced within the time limited for such actions. The judgment of the trial court denying defendant's motion to dismiss is therefore affirmed as to Count III of plaintiffs' complaint, being that portion of the complaint stating an action for property dam-

age, and is reversed as to Counts I and II of said complaint which are purported personal injury actions that are barred by the Statute of Limitations and therefore properly dismissed.

Affirmed in part, reversed in part.

EBERSPACHER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN dissenting:

The majority holds that the plaintiffs cannot rely upon the exception to the general Limitations Act contained in section 20 (Ill. Rev. Stat. 1967, ch. 83, par. 20) because an administrator for the estate of the deceased was appointed in Indiana and plaintiffs did not initiate their suit within nine months from the date the Indiana estate was opened. In so doing the majority relies upon a theory not advanced by the appellant in the trial court or in this court.

If we decide this case on the plain language of section 20 as we should, we are bound by the interpretation given it by *Roberts v. Tunnell,* 165 Ill. 631, where the court said at 632-633:

> "The note became due February 7, 1880, and but for the death of the maker the time limited for bringing an action would have expired February 7, 1890. George B. Allen died June 5, 1887,— before the expiration of that time. The cause of action on the note survived, and suit might be brought against his administrator whenever he should be appointed. None was appointed until August 23, 1894, and the bill was filed to foreclose the mortgage in less than one year from such appointment. These facts bring the note within the provision of section 19 of the act in regard to limitations, in force July 1, 1972, as follows: 'If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.' By this section, where a cause of action survives and is not barred at the death of the debtor, the creditor is allowed one year after letters of administration are issued in which to bring such action."

Nor do I agree with the majority's holding in regard to section 24A (Ill. Rev. Stat. 1967, ch. 83, par. 24A).

Section 24A applies in situations in which an action is brought within the proper period or initial period of time given by statute and the plain-

tiff is nonsuited for want of jurisdiction in the initial court. *Roth v. Northern Assurance Co., Ltd.* (1965), 32 Ill.2d 40, 203 N.E.2d 415.

The Supreme Court in holding that Section 24A applies to non-suiting for want of jurisdiction said in *Roth* at 42-43:

> "We consider first the defendants' contention that the statutory reference to a 'nonsuit' does not include the dismissal of an action for want of jurisdiction. In 1942 this same contention was considered and rejected by the Circuit Court of Appeals for the seventh Circuit in *Sachs v. Ohio National Life Insurance Co.* (7th Cir.) 131 F.2d 134. After carefully reviewing the authorities, the court said, 'The act is remedial, reflecting a legislative intent to protect the party who brings the action in good faith from complete loss of relief on the merits merely because of procedural defect. Such remedial statutes should be liberally construed, so as to prevent destruction of the purpose of the legislation. * * * In both common law nonsuit and dismissal for want of jurisdiction the order is due to some defect in the procedure or proof which prevents a trial on the merits. The obvious purpose of the statute was to give a plaintiff an opportunity to try the merits and it is illogical to assume that the legislature meant to prevent hardship in the case of a nonsuit, but not in that of dismissal for want of jurisdiction. The contrary is clearly intimated in the only pertinent decisions; and by them we are bound. It follows that, as plaintiffs had commenced their new action within a year after the first one had been dismissed for want of jurisdiction, they were not barred.' "

Other Illinois cases have supported the filing of new actions under Section 24A when the original suit has been dismissed for want of jurisdiction. *In re Estate of Breault,* 113 Ill.App.2d 356, 251 N.E.2d 910; *Factor v. Carson, Pirie, Scott and Co.,* C. A. 1968, 393 F.2d 141.