RICHEY MFG. CO. *et al.*, Plaintiffs-Appellants, *v.* MERCANTILE NATIONAL BANK OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 62344

Opinion filed July 28, 1976.

Nelson Howarth, of Howarth & Howarth, of Springfield, for appellants.

R. R. Trexler and John S. Fosse, both of Olson, Trexler, Wolters, Bushnell & Fosse, Ltd., Robert J. Moran, of Felbinger and Moran, Paul E. Flaherty and D. J. Parker, all of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This suit was filed in the Circuit Court of Cook County by the plaintiffs, Richey Mfg. Co., an Illinois corporation, and Fred Stuttle, one of its shareholders, individually and in behalf of all other shareholders, for a declaratory judgment, imposition of a constructive trust and an accounting against the defendants, Mercantile National Bank of Chicago, a banking corporation, individually and as Trustee under trust agreements dated January 1, 1960, and February 25, 1965; Harold I. Snyder; Snyder Manufacturing Company, Inc., a corporation; Zimmer Manufacturing Company, a corporation; and Alfred H. Greening, trustee in bankruptcy for Richey Mfg. Co. in Bankruptcy Court Proceedings, United States District Court, Southern District of Illinois. The plaintiffs alleged a certain patent, of which the defendants were the legal owners, was equitably owned by or for the benefit of the plaintiffs. After a hearing the court found for the defendants.

The plaintiffs set forth several issues to be determined by this court, but the threshold issue is whether the plaintiffs filed a timely notice of appeal.

This suit was filed on December 20, 1971, as a companion case to a complaint filed by the trustee in bankruptcy of Richey Mfg. Co. on May 7, 1971, in the United States District Court for the Southern District of Illinois. This suit was dismissed for failure to comply with a discovery order on October 2, 1972, and reinstated on October 20, 1972. It was again dismissed on September 13, 1974, for want of prosecution and again reinstated on October 25, 1974.

On February 14, 1975, Judge Brown wrote a letter to all counsel, including Nelson Howarth, attorney for the plaintiffs, requesting attendance at a pretrial conference to be held on February 20, 1975, to set a date for trial. That letter provided in part: "You are advised that your attendance is requested so that the trial date set will be satisfactory to you, since there will be no continuance for same."

On February 17, 1975, Nelson Howarth's son, David, who is also a lawyer, wrote to Judge Brown from Springfield, Illinois, where their offices are located, stating both he and his father would be unable to appear for the trial setting. On February 18, he again wrote to Judge Brown stating the plaintiffs were not prepared to proceed to trial.

The pretrial conference was held as scheduled, with the plaintiffs represented by local counsel, William Ward. Ward suggested a continuance, but this was denied in accordance with the admonition contained in Judge Brown's letter. The trial was set for March 25, 1975, and Mr. Ward was subsequently granted leave to withdraw as additional and local counsel for plaintiffs.

On March 5, 1975, counsel for plaintiffs mailed a petition for change of judge to the clerk of the court, and on March 7, counsel mailed to the

clerk of the court a motion to vacate the order setting a trial date. Copies of both motions were sent by letter to Judge Brown, but neither motion was entered in Judge Brown's motion book or called up for determination upon notice to the defendants.

The defendants appeared for the bench trial on March 25, and when the plaintiffs failed to appear, Judge Brown proceeded to hear testimony on defendants' affirmative defenses. An order was thereupon entered dismissing the complaint and finding in favor of the defendants and against the plaintiffs on the affirmative defenses.

On April 23, 1975, plaintiffs filed with the clerk of the court a motion to vacate the judgment order of March 25, 1975, and a notice of hearing on the motion was set for May 16, 1975. On April 25, 1975, counsel for the plaintiffs mailed to Judge Brown a letter asking that the court might either "(a) Now set some subsequent date for a contested motion, or (b) at least give us assurance that the May 16th date will not need preparation for argument of a contested motion; but will only [be] a conference concerning the establishment of a contested motion date."

Judge Brown replied in a letter dated April 28, 1975, that it was not his intention to conduct court by mail.

Counsel for the defendants appeared on May 16, but once again counsel for the plaintiffs failed to be present, and the motion to vacate the previous order was stricken by the court.

A letter dated May 14, 1975, but not received until after the motion was stricken, indicated that counsel for the plaintiffs wished to waive oral argument of his motion. On June 13, 1975, a notice of appeal was filed by the plaintiffs.

■■ The defendants now contend the notice of appeal was not timely filed. Supreme Court Rule 303(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a)) provides for the filing of a timely notice of appeal in the following language:

> "(a) Time. Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion. * * * "

In the case of *Corwin v. Rheims* (1945), 390 Ill. 205, 216, the court stated the following rule with respect to abandoning a post-trial motion after reviewing decisions construing the prior rules and statutory provisions governing the time for appeal upon which the present rule is based:

> "(1) If a party who has an appealable interest in a judgment or decree files a motion to vacate such judgment or decree, he may thereafter abandon the motion by withdrawing it or if he files a

notice of appeal, such filing will constitute an abandonment of the motion. In either event the judgment or decree becomes final on the date it was entered and the time within which a notice of appeal must be filed begins to run from that date. (2) If a party in interest in any judgment or decree which is final and appealable files a motion to vacate or set aside the same, the motion stays the running of the time within which the notice of appeal must be filed, and if the motion is disposed of on its merits during the thirty-day period or thereafter, the time for filing of a notice of appeal begins to run from the date such motion is disposed of."

■■ It is apparent from this case the plaintiffs abandoned their motion by failing to present it for a determination on the merits, and the judgment became final on the date it was entered, March 25, 1975; consequently, the time for filing a notice of appeal began to run from that date. In the case of *Fulford v. O'Connor* (1954), 3 Ill. 2d 490, the court held that in order to prevail a party must not only make a motion, but obtain a ruling on the motion for the purpose of avoiding circuity and delay, and in *People v. Hornaday* (1948), 400 Ill. 361, 364-65, the court made it clear that a party must do more than merely filing a motion:

"A motion is an application made to the court and the mere filing of it in the office of the clerk is not such an application. It must be brought to the attention of the court and the court asked to rule on it. (*City of Decatur v. Barteau*, 260 Ill. 612; *City of Marengo v. Eichler*, 245 Ill. 47; *People v. Brickey*, 346 Ill. 273.)"

The history of this case is one of delay and attempts at litigation by mail even though the court was forthright in warning the plaintiffs' counsel against such practices. The plaintiffs had the burden of taking affirmative action on their motion after they filed it, and failure to do so places them in no position to assign error on appeal. It is preferable to decide cases on the merits rather than make a determination based on procedural or rule violation, however, the filing of a timely notice of appeal is jurisdictional. *Krueger v. Krueger* (1973), 14 Ill. App. 3d 877; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224.

For the foregoing reasons, the appeal is dismissed.

Dismissed.

JOHNSON, P. J., and ADESKO, J., concur.