MARY PAGE *et al.*, Plaintiffs-Appellants, *v.* THE ESTATE OF WILLIAM NICHOLAS PAGE, Deceased, Defendant-Appellee.

Fifth District   No. 77-526

Opinion filed September 19, 1978.—Rehearing denied November 13, 1978.

Jelliffe & Ferrell, of Harrisburg, for appellants.

J. D. Quarant and Gullett and Baker, both of Elizabethtown, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from summary judgment entered on behalf of defendant-appellee in the Circuit Court of Hardin County and an order denying the motion to vacate that judgment.

William N. Page died on May 15, 1974, and on August 20, 1974, his

will was admitted to probate in the Circuit Court of Hardin County. On February 27, 1975, plaintiffs filed a claim against the decedent's estate seeking payment for certain real estate which they had conveyed several years earlier to the decedent. In their second amended claim, filed December 6, 1976, plaintiffs alleged that they had conveyed their interests in three parcels of land to the decedent during 1964 and 1965 pursuant to an oral agreement whereby the decedent was to hold title to the property temporarily, pledge the land as security for a loan and upon being released from that indebtedness, reconvey the property to the plaintiffs. The plaintiffs charged that the decedent had failed to perform in accordance with the alleged oral agreement and prayed the court to declare the prior conveyances null and void and set aside the respective deeds for lack of consideration, or in the alternative, to award them damages of $110,000.

On December 14, 1976, defendant, administrator of the estate of William N. Page, filed an answer to the plaintiffs' second amended claim, asserting several affirmative defenses and a motion for summary judgment with a supporting affidavit. The respective deeds of the plaintiffs were included in the defendant's motion for summary judgment and each recited that the disputed conveyances had been made in consideration of one dollar and other valuable consideration, except for one conveyance by plaintiff Mary Page to the decedent of her entire interest in one parcel of land for which the deed recited consideration of $35,000. The motion recited that there was no genuine issue as to any material fact and that the defendant was entitled to summary judgment as a matter of law on the grounds of the statute of frauds, statute of limitations and laches. Thereafter, plaintiffs filed a brief in opposition to defendant's motion for summary judgment together with an affidavit of Mary Page asserting that it would be inequitable to permit the distribution of the disputed property in light of the decedent's failure to comply with the alleged oral agreement.

On May 3, 1977, the trial court entered a decree of summary judgment in favor of the defendant after finding no genuine issue as to any material fact and that the defendant was entitled to judgment as a matter of law. Following the entry of the decree, plaintiffs filed a motion to vacate judgment pursuant to section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.3), alleging that the entry of summary judgment in favor of the defendant was contrary to the law and the facts regarding the claim. A hearing on the plaintiffs' motion was held on August 23, 1977, at which only counsel for the defendant was present. The motion to vacate was denied by the trial court, its order, filed August 29, 1977, reciting in pertinent part:

"* * * [T]he Court having been advised by Donald V. Ferrell, attorney for claimants, of his consent to the court denying his

motion and his intent not to appear and argue in favor of said
motion; * * *."

On September 26, 1977, a notice of appeal was filed by the plaintiffs.
Thereafter, defendant filed a motion to dismiss the plaintiffs' appeal,
which we have taken with the case, on the grounds that the plaintiffs
failed to file a praecipe of record and a report of proceedings as required
by Supreme Court Rules 322(a) and 323(b), (e) (Ill. Rev. Stat. 1975, ch.
110A, pars. 322(a), 323(b), (e)), respectively.

Various issues are raised on appeal, however, we cannot consider
them nor the reasons advanced by the defendant in support of his motion
to dismiss the appeal because we have determined that the plaintiffs
failed to file a timely notice of appeal.

Supreme Court Rule 303(a) (Ill. Rev. Stat. 1975, ch. 110A, par.
303(a)) provides:

"(a) Time. Except as provided in paragraph (b) below, the
notice of appeal must be filed with the clerk of the circuit court
within 30 days after the entry of the final judgment appealed from,
or, if a timely post-trial motion directed against the judgment is
filed, whether in a jury or a nonjury case, within 30 days after the
entry of the order disposing of the motion. * * *"

■█ In *Richey Mfg. Co. v. Mercantile National Bank*, 40 Ill. App. 3d 923,
353 N.E.2d 123 (1st Dist. 1976), *appeal denied*, 64 Ill. 2d 598 (1976), the
court held that the failure to present a motion to vacate judgment timely
filed for a determination on the merits constitutes abandonment of the
motion thereby rendering the judgment final on the date entered, from
which date the time for filing a notice of appeal begins to run.

In *Richey*, a judgment order was entered by the trial court on March
25, 1975, in favor of the defendants and against the plaintiffs in their
declaratory judgment action after a bench trial at which the plaintiffs had
failed to appear. On April 23, 1975, the plaintiffs filed a motion to vacate
the judgment order which motion was subsequently set for hearing on
May 16, 1975. On that date, only counsel for the defendants appeared and
the plaintiffs' motion to vacate the previous order was stricken by the
court. Thereafter, on June 13, 1975, plaintiffs filed their notice of appeal.

In reasoning that the plaintiffs abandoned their motion to vacate, the
*Richey* court relied in part on *Fulford v. O'Connor*, 3 Ill. 2d 490, 121
N.E.2d 767 (1954), in which the supreme court held that for a party to
prevail he must not only make a motion, but obtain a ruling on the motion
in order to avoid circuitry and delay. In dismissing the appeal, the court in
*Richey* concluded that the plaintiffs had the burden of taking affirmative
action on their motion after they filed it and having failed to do so they
were in no position to assign error on appeal.

■█ We believe the foregoing construction of the timely notice

requirement of Rule 303(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a)) is proper and equally applicable to the facts in the case at bar. The instant plaintiffs did not merely abandon their post-trial motion, but actually consented to its denial by the trial court. We can think of no reason or strategy which would merit such an approach where in fact the consenting parties subsequently assign the denial as error in a reviewing court. The only purpose such an approach could logically serve would be to delay the ultimate appeal which in fact resulted herein. We therefore conclude that the 30-day period in which to file a notice of appeal began to run from the date summary judgment was entered, May 3, 1977. Hence, the plaintiffs' notice of appeal, filed September 26, 1977, was not timely filed and because this requirement is jurisdictional (*Richey Mfg. Co. v. Mercantile National Bank*; *Krueger v. Krueger*, 14 Ill. App. 3d 877, 303 N.E.2d 573 (1st Dist. 1973)), we must dismiss the appeal.

■■■ While unnecessary to the disposition of this cause, we note that if jurisdiction did exist to consider the appeal the plaintiffs would fare no better. The rule that in a nonjury case neither the filing of nor failure to file a post-trial motion limits the scope of review (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(3)(ii)) is inapposite here. That rule only provides that issues which have been considered by the trial court in a nonjury case need not be included or specified in any post-trial motion to be preserved for appeal. We do not believe that the rule is so broad as to encompass a situation where parties consent to the denial of their post-trial motion so as to constitute a complete waiver of all alleged errors. The purpose of a motion to vacate judgment is to alert the trial court of errors it has committed and thereby afford it an opportunity for their correction. (*Abbey Plumbing & Heating Inc. v. Brown*, 47 Ill. App. 3d 719, 365 N.E.2d 115 (1st Dist. 1977).) We are of the opinion that a party who files a post-trial motion, after a nonjury trial, and later consents to its denial is foreclosed from subsequently claiming the denial was error on appeal.

For the reasons stated above, the appeal is dismissed.

Appeal dismissed.

EBERSPACHER, P. J., and JONES, J., concur.