JORJA M. ENGLISH, Petitioner-Appellant, *v.* JAMI D. ENGLISH, Respondent-Appellee.

First District (1st Division)    No. 78-1635

Opinion filed May 29, 1979.—Rehearing denied July 2, 1979.

Arthur H. Grant, of Arthur H. Grant, Ltd., of Chicago, for appellant.

Robert H. Holloway, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Jorja M. English (petitioner) appeals from several orders including one denying her petition to vacate an order awarding to Jami D. English (respondent) the petitioner's entire interest in the marital home formerly occupied by the parties.

A summary of the trial record is required:

(1) July 25, 1969—Petitioner filed her petition to dissolve the marriage. She prayed a declaration that she was the sole owner of the marital home and other relief.

(2) October 29, 1969—Judgment for dissolution of the marriage was entered by default. Respondent was ordered to convey the home to petitioner by warranty deed.

(3) September 9, 1970—Respondent filed a petition which alleged that petitioner had made no payment on the articles of agreement covering the marital home but that she had abandoned the home on June 1, 1970. The seller of the property had served notice of forfeiture. Respondent has been paying child support and he "may be required" to furnish a home for the three children of the parties. The petition prayed modification of the judgment for divorce to declare respondent the owner of the marital home. Notice of this motion was served upon petitioner by mail.

(4) September 9, 1970—Petitioner moved the court to continue the hearing on the petition which was accordingly done "without further notice."

(5) November 17, 1970—The trial court entered an order reciting that petitioner had abandoned the marital home and had agreed that all of her interest in the real estate should be awarded to respondent. The order so provided. The order shows approval thereof by an attorney for petitioner; not the attorney who appears for petitioner in this court.

(6) April 21, 1978—Order entered allowing respondent to file a petition, petitioner is given 28 days to answer and the petition is continued to June 23, 1978.

(7) June 23, 1978—On petition of respondent, the trial court entered an order appointing a "Judge of the Land Division of the Circuit Court" to execute a deed conveying all of petitioner's interest in the property to respondent.

(8) June 26, 1978—Petitioner filed a petition alleging that the order of June 23, 1978, is void since it was predicated upon a void order of November 17, 1970. The court had no jurisdiction to enter said orders. Petitioner prayed that both of these orders of June 23, 1978, and November 17, 1970, be vacated.

(9) June 26, 1978—The trial court ordered that the motion of petitioner to vacate the order of June 23, 1978, be denied. This order made no disposition of the order of November 17, 1970.

(10) July 5, 1978—Petitioner filed an amended petition again alleging that the order of June 23, 1978, was void because predicated upon a void order of November 17, 1970. The amended petition also alleged that the trial court had no jurisdiction to modify the judgment for divorce

pertaining to joint property by an order more than 30 days after the judgment; petitioner never authorized the attorney to approve the order of November 17, 1970, and never agreed to transfer her property to respondent. Petitioner also alleged that she never entered into any stipulation to modify the judgment for divorce.

(11) July 5, 1978—The trial court entered an order denying petitioner's (amended) petition to vacate the orders of November 17, 1970, and June 23, 1978.

(12) July 24, 1978—Petitioner filed notice of appeal to this court from the orders of November 17, 1970, June 23, 1978, June 26, 1978, and July 5, 1978.

■■ Before considering this appeal on the merits, it is our duty to determine if the appeal has been properly taken so as to invoke our jurisdiction. (*In re Organization of Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, 318 N.E.2d 496.) "The question of whether a court has jurisdiction is *always* open, and the court may of its own motion dismiss an action where want of jurisdiction appears." *Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 629, 295 N.E.2d 41, citing *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, 188 N.E. 329. See also *Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 484, 325 N.E.2d 698.

We will consider first the orders entered by the trial court on June 23, 1978, June 26, 1978, and July 5, 1978 (items numbered 7, 9 and 11 above listed). The issue here is the finality of the order of June 23, 1978, providing for appointment of a judge to execute a deed conveying the property to respondent and the orders of June 26, 1978, and July 5, 1978, insofar as they deny motions to vacate the order of June 23, 1978. The rules of the supreme court are clear in the requirement that only a "final judgment of a circuit court in a civil case is appealable as of right." (58 Ill. 2d R. 301.) Appeals from interlocutory orders are permitted only as specifically provided in the rules. See 58 Ill. 2d R. 306, 307, 308.

■■ The definition of a final order has been the subject of many cases. One of the best explanations of this point appears in *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 1057, 360 N.E.2d 458, in which the court stated:

"An order of court which leaves a cause still pending and undecided is not a final order. (*La Vida, Inc. v. Robbins* (2nd Dist. 1961), 33 Ill. App. 2d 243, 245, 178 N.E.2d 412.) Such an order is neither final nor appealable, despite the court's special finding that the order is final for purposes of appeal. (See *Nogacz v. Procter & Gamble Manufacturing Co.* (1st Dist. 1976), 37 Ill. App. 3d 636, 652, 347 N.E.2d 112.) Thus, the test of finality lies in the substance and not the form of the order. *Browning v. Heritage Insurance Co.*

(2nd Dist. 1974), 20 Ill. App. 3d 622, 623, 314 N.E.2d 1; *Peach v. Peach* (2nd Dist. 1966), 73 Ill. App. 2d 72, 78, 218 N.E.2d 504.

To be final and appealable, an order must dispose of the rights of the parties, either upon the entire controversy or upon some definite and separate part of it. (*South Chicago Community Hospital v. Industrial Commission* (1969), 44 Ill. 2d 119, 121, 254 N.E.2d 448; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371; *Altschuler v. Altschuler* (1948), 399 Ill. 559, 569, 78 N.E.2d 225.) A final order for the purposes of appeal must terminate the litigation between the parties so that, if affirmed, the trial court has only to proceed with the execution of the judgment. (*Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 530-31, 44 N.E.2d 592; *Wessel v. Gleich* (1st Dist. 1975), 33 Ill. App. 3d 204, 207, 337 N.E.2d 743; *Schwind v. Mattson* (1st Dist. 1974), 17 Ill. App. 3d 182, 186, 307 N.E.2d 673.) Such an order, therefore, will finally determine, fix, and dispose of the parties' rights as to the issues made by the suit. *Maple Investment and Development Corp. v. Skore* (2nd Dist. 1976), 38 Ill. App. 3d 654, 655, 348 N.E.2d 498."

■■ The order of June 23, 1978, cannot qualify as a final order which may be the subject of an appeal. The substance of this order simply is the appointment of the judge to execute the deed. The order is thus merely an implementation of the previous order of November 17, 1970, concerning property rights. The order of June 23, 1978, does not dispose of the rights of the parties in the property in question. It does not "terminate the litigation between the parties on the merits of the cause * * *." (See *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 537, 387 N.E.2d 325, 329.) Hence, it may not be classified as final. Insofar as the notice of appeal is directed to the order of June 23, 1978, to the order of June 26, 1978, and to the order of July 5, 1978, concerning its effect on the earlier order of November 17, 1970, the appeal is dismissed.

■■ We now have left for consideration the attempted appeal from the order of November 17, 1970, and the order denying the petition to vacate which was entered July 5, 1978. The filing of a notice of appeal is the single jurisdictional step in any appeal. (58 Ill. 2d R. 301.) The notice of appeal must be filed with the clerk of the circuit court within 30 days after the final judgment appealed from. (58 Ill. 2d R. 303(a); see *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 227, 332 N.E.2d 553, *appeal denied* (1975), 61 Ill. 2d 598.) It follows necessarily that the notice of appeal was not timely filed after the order of November 17, 1970.

■■ It is correct that petitioner filed on June 26, 1978, a petition to vacate the order of November 17, 1970, and on July 5, 1978, filed an amended

petition to vacate that order. However, no order was ever entered by the trial court regarding the vacation of the order of November 17, 1970. The order entered by the trial court on June 26, 1978 (item No. 9 above), dealt only with the petition insofar as it sought to vacate the order of June 23, 1978. Therefore, the original petition filed June 26, 1978, is deemed abandoned as regards the unadjudicated subject matter contained therein. *Richey Manufacturing Co. v. Mercantile National Bank* (1976), 40 Ill. App. 3d 923, 925-26, 353 N.E.2d 123, *appeal denied* (1976), 64 Ill. 2d 598.

■■■ As regards the amended petition filed July 5, 1978, this was not filed within 30 days of the order it sought to vacate entered November 17, 1970, but almost 8 years thereafter. It follows that the amended petition of July 5, 1978, was not timely filed and therefore did not extend the time period for filing the notice of appeal. (See *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, 273 N.E.2d 403.) In addition, we point out that the petition of July 5, 1978, seeking to vacate the order of November 17, 1970, may not be deemed a proper exercise of the right to vacate a judgment under section 72 of the Civil Practice Act. The petition was filed long after the 2-year limitation period for seeking such relief. Ill. Rev. Stat. 1977, ch. 110, par. 72(3).

However, petitioner urges that the trial court lacked subject matter jurisdiction to enter the order of November 17, 1970, because the trial court modified the judgment for dissolution of the marriage and vested title to the disputed real estate in respondent. (Ill. Rev. Stat. 1975, ch. 40, par. 19.) Petitioner contends that the order was therefore void and subject to collateral attack at any time. We disagree.

■■ In our opinion, this argument of petitioner is predicated upon a concept of jurisdiction of the subject matter which has been rendered obsolete by the judicial article of the Illinois Constitution as amended effective January 1, 1964, and as reenacted into the Illinois Constitution of 1970. (Ill. Const. 1970, art. VI, §9.) Under our constitution the circuit courts of Illinois have "original jurisdiction of all justiciable matters," except for matters not pertinent here in which exclusive jurisdiction is vested in the Supreme Court of Illinois. This doctrine is set forth and commented on in *People v. Gilmore* (1976), 63 Ill. 2d 23, 26, 344 N.E.2d 456; *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 380, 361 N.E.2d 6; *Alfaro v. Meagher* (1975), 27 Ill. App. 3d 292, 295, 326 N.E.2d 545, *appeal denied* (1975), 60 Ill. 2d 595; *Stevens v. Protectoseal Co.* (1975), 27 Ill. App. 3d 724, 729, 327 N.E.2d 427; *Haas v. Pick Galleries, Inc.* (1973), 12 Ill. App. 3d 865, 868, 299 N.E.2d 93. Thus, in the case at bwr the circuit court had full and complete jurisdiction of the subject matter of the petition filed by the respondent on September 9, 1970, requesting an order of court in connection with the ownership of the marital property.

Insofar as the statutory enactments regarding proceedings for divorce, now known as proceedings for dissolution of the marriage, are concerned, their operation is necessarily subject to the paramount law of Illinois as expressed in the constitution and in the judicial article. When statutes of this type are considered in the light of the present judicial article of the Illinois Constitution, they become equivalent to rules of procedure. (Compare *Gilmore*, 63 Ill. 2d 23, 26, and *Alfaro*, 27 Ill. App. 3d 292, 295.) The modern trend in this regard may be noted in the Illinois Marriage and Dissolution of Marriage Act which changes entirely the concept of the former statute and provides that provisions of a judgment for dissolution of marriage concerning property disposition "may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." Ill. Rev. Stat. 1977, ch. 40, par. 510(a).[1]

We note also two independent reasons for holding that the circuit court had subject matter jurisdiction over the respondent's petition (item 3 above). The petition alleged that respondent might be required to furnish a home for the three children of the parties. This allegation raised an issue touching the support and welfare of the children. The pertinent statute expressly authorizes the trial court to make orders touching the support of the children. (Ill. Rev. Stat. 1970, ch. 40, par. 19.) This allegation regarding the support and the furnishing of a home for the children has never been denied by the petitioner so far as the record before us indicates.

In addition, the petition of the respondent, filed September 9, 1970, alleged that petitioner had abandoned the marital home. The order entered November 17, 1970, found not only that petitioner abandoned the home but also she had "agreed that all interest she may have in the said marital home be set over" to the respondent. Furthermore, the order bears upon its face the written approval of an attorney purporting to act for petitioner. This order was entered after the effective date of the amended judicial article of the Illinois Constitution. Consequently it appears from the record that in entering said order the trial court simply implemented an agreement of the parties that the real estate in question be turned over to the respondent for the benefit of the children of the parties.

■■ In this regard, the order of November 17, 1970, became, and it is, a consent order as distinguished from a judicial determination of the rights of the parties. This type of order may not be the subject of an appeal and actually "does not constitute a judicial resolution of the rights of the parties but is merely a recordation of their private agreement." *Pierce v.*

---

[1] The new Illinois Marriage and Dissolution of Marriage Act is not applicable to the instant case. See Ill. Rev. Stat. 1977, ch. 40, par. 801, and *Staub v. Staub* (1978), 67 Ill. App. 3d 1004, 385 N.E.2d 771.

*MacNeal Memorial Hospital Association* (1977), 46 Ill. App. 3d 42, 48, 360 N.E.2d 551.

We will add that upon consideration of this entire record and in view of the undue and unexplained delay in requesting any type of relief by petitioner, it would be highly inequitable at this time, in our opinion, to grant her the relief she seeks.

The cases cited by petitioner do not, in our opinion, require a contrary view to that above expressed. None of these cases gave consideration to the effect of the constitutional definition of subject matter jurisdiction in Illinois as above expressed. In *Meyer v. Meyer* (1951), 409 Ill. 316, 99 N.E.2d 137, decided prior to the amendment of the judicial article, the parties were married and divorced. Nine months and some days later they petitioned the circuit court to vacate the decree. The court did so. The supreme court held that this was beyond the statutory grant of jurisdiction to the circuit court in handling divorce matters and held that the judgment for divorce remained in full force and effect.

In *Brickey v. Brickey* (1976), 44 Ill. App. 3d 563, 358 N.E.2d 406, the parties were granted a divorce. The judgment for divorce adjudicated their property rights. Some three months thereafter the wife filed a petition requesting an award of withheld income taxes concerning her salary. This court held that plaintiff was fully aware of the facts regarding the income tax issue at the time in question but that she permitted the judgment for divorce to be entered without dealing with that issue. The court held that the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*) was the sole source of the jurisdiction of the circuit court and that the circuit court therefore lacked power to modify the provisions of the judgment relating to property. (*Brickey,* 44 Ill. App. 3d 563, 564.) As above stated the case was decided without reference to the effect of the amended judicial article and the Constitution of 1970. Also, the issues regarding the support and welfare of the children, the consent of the parties to the entry of the decree and the matter of inordinate delay, which appear from the record in the instant case, were not present there.

We therefore conclude that as regards the attempted appeal from the order of November 17, 1970, and from the order of July 5, 1978, insofar as it denied the motion to vacate the previous order of November 17, 1970, the notice of appeal was not timely filed so as to vest jurisdiction in this court. The appeal is therefore dismissed in its entirety. It follows that we may not and will not consider the motion of each party to strike the brief of the other. These motions were taken with the case.

Appeal dismissed.

O'CONNOR and CAMPBELL, JJ., concur.