Herman R. Schloegl, Gertrude Schloegl and Karen Schloegl, a Minor, by Herman R. Schloegl, Her Father and Next Friend, Plaintiffs-Appellants, v. Lola Gertrude Nardi and Besse Lee Estrop, Executors of the Estate of Albert L. Perrine, Deceased, Defendants-Appellees.

In the Matter of the Estate of Albert Lee Perrine, Deceased.

Gen. No. 10,897.

Fourth District.

February 15, 1968.

Rehearing denied and opinion modified March 18, 1968.

Joseph P. Jenkins, of Chicago, for appellants.

Foreman, Rammelkamp, Bradney & Hall, of Jacksonville (Robert E. Bradney, of counsel), for appellees.

As Modified on Denial of Petition for Rehearing.

CRAVEN, J., delivered the opinion of the court.

This appeal seeks reversal of a judgment which quashed service of summons upon Lola Gertrude Nardi and Besse Lee Estrop, executors of the estate of Albert L. Perrine, deceased, and declared that estate closed. The facts are simple. The decedent, Albert Lee Perrine, prior to his death, was involved in an automobile accident on July 13, 1963, with a vehicle driven by plaintiff, Herman R. Schloegl, in which the other plaintiffs were passengers. On January 31, 1964, Albert Lee Perrine died testate of causes unrelated to the accident. An estate was opened and letters testamentary were issued to the defendants on February 5, 1964. A claim date was duly published in the "Winchester Times" on February 13, 20, and 27, 1964, setting the claim date as Monday, April 6, 1964. On June 19, 1964, a supplementary inventory was filed which listed as personal estate other than cash, goods, and chattels, the following:

"Insurance Policy #583–790, issued by Pekin Farmers Insurance, dated 7–18–62, effective to 1–18–64,

affording, coverage for personal liability and property damage of $20,000.00 per person, $80,000.00 per occurrence plus $10,000.00 property damage and $500.00 medical payment, as well as other coverage; plus the obligation to defend Albert Lee Perrine, his heirs, executors and administrators, against liability within the policy limits, as a result of an automobile collision in which Albert Lee Perrine was involved on July 13, 1963."

Thereafter, the estate was duly administered and closed. The final report of the executors was filed November 13, 1964. On July 9, 1965, the plaintiffs herein filed a complaint alleging a tort action for each plaintiff against the decedent for injuries and damages suffered as a result of the auto accident of July 13, 1963. Plaintiff, Herman R. Schloegl, also filed a petition in the probate division of the court, which alleged that he was a bona fide creditor of the estate of Albert Lee Perrine, deceased; he had a claim for personal injuries because of the accident with decedent on July 13, 1963; that he had no notice of the opening or closing of the estate; that he was unaware of the death of Perrine; his wife and daughter also sustained injuries in the occurrence; and that the decedent was insured by an automobile liability insurance policy at the time of the occurrence. (Schloegl misnamed the insurance company involved in his petition, a fact which is of no consequence in determining this appeal.) The petition prayed that the estate be reopened and the defendants reinstated as executors. This petition was allowed without notice to the defendants or to the insurance company. Service of summons in the personal injury action was had on both defendants on July 15, 1965.

On August 12, 1965, the defendants filed a special appearance, moving to quash the service of summons and to quash any order entered in connection with both the law and the probate proceedings. On March 10, 1967, the

304

court entered orders quashing the service of summons on the defendants in both the negligence action and in the probate division. The order in the probate division also vacated its prior order which had both reopened the estate and reinstated the executors, and further, declared the estate closed.

Thereafter, plaintiff Schloegl filed motions for rehearing and for leave to file an amended petition, which were denied by the trial court. This appeal resulted.

The central issue presented by these facts is: Were the plaintiffs required to file their lawsuit for personal injuries during the original administration of the decedent's estate in order to have any judgment which they might receive in those actions satisfied out of the insurance policy which was inventoried?

This issue may be approached from two directions. First, is the time for filing of an action to recover damages because of the tortious acts of a deceased person in his lifetime limited to the period of administration of that deceased person's estate? Second, did the act of inventorying the liability insurance policy have the effect of requiring the plaintiffs to file their suits for injuries received at the hands of the decedent during the original period of administration of his estate in order to receive satisfaction of any judgments they might receive in those actions out of the proceeds of the inventoried policy?

■■■■ The question of whether the period of administration became the period of limitation for filing the action for injuries must be answered in the negative. What if Perrine had died 23 months after the accident in question—would the statute of limitations have been extended until nine months after letters of administration had issued in that case? What if letters did not issue for years? In these events, substituting the claim date in the estate for the statute of limitations would result in potential claims remaining alive as a matter of right for

many years beyond the period specified by the legislature. The general statute of limitations is the sole governing statute which operates as an absolute bar to the filing of the action for the personal injuries. The administration of the decedent's estate here bars the plaintiffs from collecting on any judgment that may be obtained from the property of the decedent which was inventoried and distributed. Union Trust Co. v. Shoemaker, 258 Ill 564, 101 NE 1050 (1913). See section 204 of the Probate Act (Ill Rev Stats 1963, c 3, § 204). If the causes of action asserted in the counts of the complaint filed by the plaintiffs are ever reduced to judgment, any satisfaction of those judgments must be obtained from assets of the decedent not inventoried and properly administered. Austin v. City Bank of Milwaukee, 288 Ill App 36, 5 NE2d 585 (1st Dist 1937). However, the prior administration of this estate is no bar to reopening the estate so closed to assert an action for damages otherwise properly brought within the ordinary statute of limitations applicable to the cause of action sought to be asserted. 4 James, Illinois Probate Law and Practice, § 204.4. It was, therefore, error for the probate division of the circuit court of Scott County to vacate its previous order which had reopened the estate of Perrine and reappointed the executors, and since the two-year statute of limitations applicable to actions for personal injury had not expired when the lawsuit was filed and summons issued for service upon the reappointed executors, it was error to quash said summons and dismiss the personal injury action.

■ Was the insurance policy an asset of the estate which has been administered and consequently is now no longer available to satisfy any judgment these plaintiffs might obtain? No. Section 172 of the Probate Act (Ill Rev Stats 1963, c 3, § 172) requires the administrator or executor to inventory the real or personal estate of the decedent. This policy was neither. It provided no funds

for distribution to heirs or legatees. It provided no funds for the payment of claims of general creditors of the estate. It was, in the language of the plaintiffs, a "unique" asset. Insofar as it provided for indemnification from harm for judgments obtained, it protected the assets of the decedent. Within its limits and insuring clause it provided a potential fund for the satisfaction of any judgment obtained by a claimant asserting a timely claim under the general statute of limitations. It was, at best, an inchoate asset of the estate of no intrinsic value which would make it subject to administration or distribution as an "asset" by the decedent's personal representative. The refund for unearned premium which the executors obtained had no effect upon any rights or obligations incurred by virtue of the existence of this insurance prior to the decedent's death.

The third-party beneficiary aspects of liability insurance contracts have been recognized by both the legislature and the courts. The legislature has provided that bankruptcy or insolvency of the insured shall not constitute a defense to the insurance carrier (Ill Rev Stats 1963, c 73, § 1000; Scott v. Freeport Motor Cas. Co., 392 Ill 332, 64 NE2d 542 (1946)), that companies writing automobile casualty coverage shall provide certain minimum amounts of coverage, and also cover all persons using a vehicle with the express or implied permission of the named insured. (Ill Rev Stats 1963, c 95½, § 7–317.)

Section 7–317(f) of the Financial Responsibility Act (Ill Rev Stats 1963, c 95½, § 7–317(f)) provides, in part, that no policy shall be cancelled or annulled by any agreement between the carrier and the insured after the insured has become responsible for loss or damage.

The Supreme Court of Illinois has stated:

". . . under our statutes, . . . liability insurance is not merely a private matter for the sole knowledge of the carrier and the insured, but is also for the

benefit of persons injured by the negligent operation of insured's motor vehicle. (Citing case.) . . . ." People ex rel. Terry v. Fisher, 12 Ill2d 231, 238 (145 NE2d 588, 592–93 (1957)).

The effect of allowing the combined action of the executors and the insurance company to be effective in treating the policy as an asset of the estate is to allow their unilateral action to reduce the time within which the claimants were required to file a lawsuit to protect their cause of action. While not a violation of the above-cited statute, since the claims had not been liquidated and the insured's responsibility to pay the loss fixed, this action is contrary to the rights of the Schloegls as potential third-party beneficiaries under the contract of insurance whose claims were known to the insurance company as disclosed by the supplemental inventory, and is contrary to the public policy of Illinois which recognizes that insurance policies are written for the benefit of both the person insured and the persons who have claims against that insured. The time for the Schloegls to file their lawsuits for personal injuries was governed by the two-year statute of limitations. Since the insurance policy insuring the liability of Albert Lee Perrine was in effect on the day of the accident, neither the insurance company nor Perrine's executors, singly or in combination, could reduce the time for filing lawsuits to recover damages and reach the funds provided by the policy in the event of judgment by attempting to treat the policy as an ordinary personal asset of the decedent.

The concept of a liability insurance policy as a "unique" inchoate asset of the decedent's estate finds support in prior Illinois cases. In Furst v. Brady, 375 Ill 425, 31 NE2d 606, 133 ALR 558 (1941), the existence of such a policy, issued by a company licensed to do business in Illinois, which insured a nonresident who had been involved in an auto accident in Illinois and subsequently

308

died with no other assets in Illinois, was held to be sufficient to support the appointment of an administrator in Illinois for the nonresident in order to allow an injured party to assert an injury action against the decedent here in Illinois. That decision was not based upon the concept that the insurance policy was property of the decedent subject to ordinary administration, but was bottomed on the concept that the insuring clause provided the personal representative with a chose in action with a situs in Illinois which would ripen against the insurance company in the event of judgment against the administrator in the underlying personal injury action.

In the Matter of Estate of Lawson, 18 Ill App2d 586, 153 NE2d 87 (3rd Dist 1958), reached the same result as Furst v. Brady, 375 Ill 425, 31 NE2d 606, 133 ALR 558 (1941), even though the insurance company covering the nonresident's alleged liability was not licensed to do business in Illinois. The company in that case had appointed the Secretary of State of the State of Illinois as its agent to accept service of process upon it. This act was the only act connecting the issued policy to an Illinois situs.

We are not concerned, in the instant case, with the troublesome concept of whether the decedent had a sufficient connection with this state to justify appointing an administrator for him. In his lifetime, he was an Illinois resident with Illinois property, a fact which we have already held justified the reopening of his estate, even absent insurance, to furnish a legal representative against or through whom the alleged rights of the plaintiffs can be determined. Furst v. Brady, 375 Ill 425, 31 NE2d 606, 133 ALR 558 (1941) ; In the Matter of Estate of Lawson, 18 Ill App2d 586, 153 NE2d 87 (3rd Dist 1958).

In the Matter of Estate of Palmer, 41 Ill App2d 234, 190 NE2d 500 (3rd Dist 1963), held that a closed estate must be reopened, upon application of a tort-claimant, to

allow such claimant to assert a cause of action for personal injuries and property damage where the decedent's liability was allegedly covered by insurance. In that case, the policy was not inventoried during administration and the trial court was instructed to determine whether the estate should be reopened upon the ground that the policy was an "after discovered" asset which had not been inventoried, or if the cause of action to the extent of insurance constituted a settled portion of the decedent's estate. To the extent that this case appears to indicate that the inventorying of an insurance policy during the course of administration of a decedent's estate could have the effect of barring a personal injury action not brought during the course of such administration, we decline to follow it.

The order of the circuit court of the Seventh Judicial Circuit, Scott County, quashing service of summons on the defendants, is reversed. The order vacating the order of said court which reopened the estate of Albert Lee Perrine, deceased, and reappointed the defendants as executors is reversed, and these causes are remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded with directions.

SMITH, P. J. and TRAPP, J., concur.