Hattie M. Reed, Plaintiff-Appellant, v. Marie Long, as Administrator of the Estate of Harry Long, Deceased, Defendant-Appellee.

Gen. No. 11,151.

Fourth District.

May 7, 1970.

Elmo E. Koos, of Peoria, for appellant.

Authur D. Young, of Lewistown, for appellee.

RICHARDS, J.

This is an appeal from an order striking the complaint for lack of jurisdiction of the subject matter. This action is a second suit filed regarding the same occurrence,

the first having been dismissed for want of prosecution. Plaintiff argues that despite the fact that the statute of limitations had expired at the time of the filing of this suit, the action was brought within one year of the dismissal of the first action under the authority of chapter 83, § 24a, Ill Rev Stats 1965.

The occurrence upon which the suits were based happened on July 15, 1962. The complaint in the first suit was filed on June 12, 1964, and the defendant, Harry Long, filed his answer and later died on October 12, 1964. On December 21, 1964, plaintiff's attorney suggested defendant's death and on motion leave was granted to substitute a new party defendant. However, a new party was not thereafter substituted in that suit. On December 10, 1965, a rule was entered on the plaintiff to show cause why that suit should not be dismissed for want of prosecution, and on January 18, 1966, the rule was enforced and the suit was dismissed. On December 12, 1966, the second suit, being the suit here under consideration, was filed again naming Harry Long as the defendant and the summons that had been issued was returned on December 14, 1966, showing "Defendant is deceased as of October 23, 1964." On October 18, 1968, plaintiff filed a motion to substitute Marie Long as Administrator of the Estate of Harry Long as a party defendant, stating in said motion that Harry Long had died October 12, 1964, and that Marie Long had been appointed administrator of his estate on October 16, 1968. The motion to substitute the party was allowed on the day it was filed and summons was issued and returned showing service on the defendant, Marie Long, on October 26, 1968. Thereafter, on November 25, 1968, the defendant filed her special appearance and moved the court to strike the complaint for lack of jurisdiction of the subject matter. On February 18, 1969, that motion was allowed and the court dismissed the complaint.

The appellee, in her brief, raises the question whether the filing of a suit against a deceased person invoked the jurisdiction of the court. This question is determinative of this litigation.

Although the cause of action could have been timely brought against an administrator of Harry Long's estate under present day statutes, it is basic that at common law the action against Harry Long abated upon his death. 1 Am Jur2d, Abatement, Survival and Revival, § 47. The abatement was an entire overthrow or destruction of the suit. Fiegenbaum v. McFarlane, 339 Ill 367, 77 NE2d 816; Geiger v. Merle, 360 Ill 497, 509, 196 NE 497. Abatement extinguished the court's jurisdiction over the subject matter. 1 ILP, Abatement, § 81; The People v. Taylor, 342 Ill 88, 94, 174 NE 59. A dead person cannot be a party to a suit as such is a nonexistent entity and the proceedings were void ab initio. Its validity could be called to the court's attention at any stage of the proceeding. Lewis v. West Side Trust & Savings Bank, 377 Ill 384, 385, 36 NE2d 573. Accordingly, as the suit under consideration was a nullity and invoked no jurisdiction of the court, the allowance of the motion to substitute the administrator of Harry Long's estate as the party defendant was of no effect as there was no valid pending action in which she could be substituted, nor had there been any party thereto that she could be substituted for. Chandler v. Dunlop, 311 Mass 1, 39 NE2d 969, 973.

The order of the Circuit Court of Mason County is affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.