JOHN McCUE, Plaintiff-Appellant, *v.* ANTHONY COLANTONI, Adm'r of the Estate of Bernice Schultz, a/k/a Bronislawa Schultz, Deceased, Defendant-Appellee.

First District (4th Division)   No. 77-1502

Opinion filed January 31, 1980.

Marshall Teichner, of Chicago (Philip J. Rock, of counsel), for appellant.

Stephen Sonderby, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, John McCue, appeals from the dismissal of his action for personal injuries against defendant, Anthony Colantoni, as administrator of the estate of Bernice Schultz, deceased. The issues presented for review are: (1) whether plaintiff's lawsuit is barred because he failed to compel the issuance of letters of administration or pursue his claim against the estate of Bernice Schultz within 3 years of her death (Ill. Rev. Stat. 1973, ch. 3, par. 204; ch. 83, par. 20); (2) whether the substitution of the administrator of the estate of Bernice Schultz as a defendant in the second amended complaint related back to the original complaint filed within the period of limitations (Ill. Rev. Stat. 1975, ch. 110, par. 46(4)); and, (3) whether the doctrine of equitable estoppel precludes defendant from asserting the statute of limitations as a defense.

We affirm the trial court.

On March 29, 1973, plaintiff sustained injuries when he tripped and fell on a sidewalk on the premises at 4434 West Belmont Avenue, Chicago, Illinois. This property had been owned in joint tenancy by Walter and Bernice Schultz until Walter's death on March 14, 1968. Bernice thereafter owned the property as surviving tenant until her death on January 23, 1974; however, Walter and Bernice were listed as the record owners of the property at all times relevant to this appeal.

On March 17, 1975, plaintiff filed an action for negligence, naming

Walter and Bernice Schultz as defendants and seeking to recover for personal injuries sustained in the fall. Summons was issued and substituted service was purportedly obtained on Edwin Schultz, their son. A special and limited appearance and motion to quash service of summons on behalf of these defendants was heard and granted on July 15, 1975. At that time, death certificates for both Walter and Bernice Schultz were presented to the court and served upon plaintiff's attorney.

On October 8, 1975, a first amended complaint was filed, again naming Walter and Bernice Schultz, and adding Al Bronislawa, as defendants. Summons was issued and, while attempting to obtain service on the additional defendant, the deputy sheriff was informed by Edwin Schultz that the name "Al Bronislawa" was an alias used by the deceased Walter Schultz.

On February 8, 1977, plaintiff petitioned the court to open an estate for Bernice Schultz, and letters of administration were issued appointing defendant Anthony Colantoni administrator of her estate. On February 25, 1977, Colantoni was substituted for Bernice Schultz as a defendant, and a second amended complaint was filed naming as defendant only Colantoni in his capacity as administrator. Service was obtained on this defendant on February 28, 1977.

On April 13, 1977, defendant filed a motion to dismiss the action based on section 19 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 20) and section 204 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 204). Defendant also asserted that the original complaint, naming the deceased Bernice Schultz as a defendant, was a nullity. In his answer to defendant's motion to dismiss, plaintiff argued that section 204 did not bar an action to reach the proceeds of a liability insurance policy owned by Bernice Schultz, insofar as the policy was not an asset subject to administration under the Probate Act. Plaintiff suggested that because the liability insurance carrier had entered into negotiations with plaintiff before the death of Bernice Schultz, it should not be allowed to benefit from the statute of limitations defense. Further, plaintiff stated that the filing of the second amended complaint was equivalent to initiating an action against the administrator of the decedent's estate.

The trial court granted defendant's motion to dismiss on August 18, 1977, and entered an order striking plaintiff's complaint and dismissing the lawsuit. Plaintiff was granted leave to appeal pursuant to Supreme Court Rule 303(e) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(e)).

Opinion

I

Section 14 of the Limitations Act provides that a personal injury action must be commenced within 2 years after the cause of action arose

(Ill. Rev. Stat. 1973, ch. 83, par. 15). Where, however, the person against whom the action is to be brought dies before the 2-year period expires, section 19 of the Limitations Act governs the period within which an action may be brought against an administrator after the expiration of the time provided by section 14. In pertinent part, section 19 states:

"If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, *and is not otherwise barred,* an action may be commenced against his executors or administrators after the expiration of the time limited for the commencement of the action, and within 6 months after the issuing of letters testamentary or of administration." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 83, par. 20.

■■ The phrase "and is not otherwise barred" in section 19 has been construed to refer to the companion provision in section 204 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 204, now Ill. Rev. Stat. 1977, ch. 110½, par. 18—12), rather than the other sections of the Limitations Act. (*Rivera v. Taylor* (1975), 61 Ill. 2d 406, 336 N.E.2d 481; see *Roberts v. Tunnell* (1897), 165 Ill. 631, 46 N.E. 713; 5 James, Illinois Probate Law and Practice §339.16, at 215 (1975 Supp.).) Section 204 states:

"All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed within 6 months from the issuance of letters testamentary or of administration are barred as to the estate which has been inventoried within 6 months from the issuance of letters. If after 6 months from the issuance of letters the executor or administrator files an inventory listing estate not previously inventoried and thereafter the clerk of the court publishes once each week for 3 successive weeks a notice informing all persons that claims may be filed against the estate of the decedent on or before a date as designated in the publication (the designated date to be the first Monday in the second month following the month in which the first publication is made), all claims not filed on or before the designated date are forever barred as to the estate listed in such inventory.

*All claims barrable under this section are in any event barred 3 years after the death of the decedent unless letters are issued upon the estate of the decedent within 3 years after his death."* (Emphasis added.) Ill. Rev. Stat. 1973, ch. 3, par. 204.

In *Rivera v. Taylor* (1975), 61 Ill. 2d 406, 411, 336 N.E.2d 481, 485, the supreme court examined the legislative history of sections 19 and 204 and concluded that under the statutes in effect when the complaint in that case was filed "if a debtor died before the applicable limitation period

expired, the cause of action would not have been barred if filed within 9 months of the issuance of letters of administration (Ill. Rev. Stat. 1967, ch. 83, par. 20) provided letters of administration were issued within 7 years after the death of [the decedent]. Ill. Rev. Stat. 1971, ch. 3, par. 204." After the dates applicable to the facts in *Rivera*, the time limits in sections 19 and 204 were amended. (Pub. Act 77-2021 and Pub. Act 77-2020, effective Oct. 1, 1972.) Both at the time of plaintiff's accident and the death of Bernice Schultz, an action was required to be commenced against the decedent's administrator within 6 months after letters of administration were issued provided the letters were issued within 3 years of the decedent's death.

■■ The court in *Rivera* carefully pointed out that section 19 does not shorten the limitations period otherwise applicable to the cause of action. Section 19 becomes applicable by its terms only to suits instituted "after the expiration of the time limited for the commencement of the action." In this case, section 19 operated to extend the period within which plaintiff's claim could have been asserted against the estate of Bernice Schultz from the 2-year period provided in section 14 to 3 years after the decedent's death, an additional 22 months. Since no letters had been issued at that time, the portion of section 204 that bars all claims otherwise barrable under section 204 when letters of administration do not issue within 3 years of the death of the decedent then came into play.

Here, plaintiff's injuries were sustained on March 29, 1973. Bernice Schultz died on January 23, 1974. The letters of administration appointing defendant as the administrator of the estate of Bernice Schultz were not issued until February 8, 1977, 2 weeks after the expiration of the 3-year claim period. A complaint naming the administrator as a defendant was not filed until February 25, 1977. Clearly, plaintiff failed to compel the issuance of letters of administration during the 3-year period and, thus, failed to pursue his claim against the estate of Bernice Schultz within the applicable period of limitations.

Plaintiff seeks to avoid the operation of the statute of limitations by arguing that section 204 precludes only those claims directed against assets that were or could have been inventoried by the probate court, and that a claim against a liability insurance policy is not such a claim.

Plaintiff is correct in his assertion that section 204 is not in itself a statute of limitations. (See *Russell v. United States* (N.D. Ill. 1966), 260 F. Supp. 493; *Messenger v. Rutherford* (1967), 80 Ill. App. 2d 25, 225 N.E.2d 94.) Nevertheless, the controlling statute of limitations in section 19, by the use of the phrase "and is not otherwise barred", incorporates the 3-year claim period in section 204. No claim that could have been brought against the estate, save those specifically expected in the first paragraph of section 204, may be brought if the letters do not issue within the 3-year

period. The expiration of the 3-year claim period acts as a broad bar to all claims that may be filed within the contemplation of section 192 of the Probate Act, whether founded on contract, tort or otherwise (Ill. Rev. Stat. 1973, ch. 3, par. 192, now Ill. Rev. Stat. 1977, ch. 110½, par. 18—1). (4 James, Illinois Probate Law and Practice §204.6, at 169 (1975 Supp.).) A claim is defined in the Probate Act as *any* cause of action. Ill. Rev. Stat. 1973, ch. 3, par. 2(j), now Ill. Rev. Stat. 1977, ch. 110½, par. 1—2.05.

It is therefore unnecessary to decide whether or not the insurance carrier's obligation under the liability insurance policy was an asset to be inventoried if an estate had been opened for Bernice Schultz during the 3-year claim period. Plaintiff, a potential creditor, failed to initiate the administration of the estate within the claim period, as he was clearly entitled to do. (Ill. Rev. Stat. 1973, ch. 3, par. 96, now Ill. Rev. Stat. 1977, ch. 110½, par. 9—3.) Simply put, no estate was opened upon which a claim could effectively have been made.

The decision in *Schloegl v. Nardi* (1968), 92 Ill. App. 2d 302, 234 N.E.2d 558 does not mandate a different result. There, the court concluded that the administration of the estate of the alleged tortfeasor, including an inventoried liability insurance policy, did not bar the reopening of the estate to assert an action for damages, when brought before the statute of limitations ordinarily applicable to the cause of action had run. The holding in *Schloegl* pertained to a claim which was properly and timely brought within the general statute of limitations. The instant case is distinguishable because plaintiff failed to bring his action against the administrator before the ordinary 2-year period of limitations had run and, furthermore, failed to administer upon the estate of the decedent within 3 years of her death.

## II

Plaintiff also contends that the substitution of the defendant for Bernice Schultz in the second amended complaint was an amendment pursuant to section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(4)) which related back to the filing of the original complaint, thus preserving his cause of action within the ordinary 2-year statute of limitations. This theory was not advanced in the trial court and, in fact, is contrary to plaintiff's assertions in his answer to the defendant's motion to dismiss. There, plaintiff contended the substitution of the administrator for the deceased Bernice Schultz had the effect of instituting an initial action against the administrator. By this statement, plaintiff attempted to bring himself within the holding of *Kasper v. Frank* (1972), 9 Ill. App. 3d 481, 292 N.E.2d 508.

The decision in *Kasper*, however, is distinguishable from this case. In *Kasper* letters of administration opening the estate of the decedent were

issued within 7 years from the decedent's death in accordance with section 204 as then written, and the plaintiff's claim was filed against the administrator one month thereafter. As noted previously, the 7-year period applicable in *Kasper* was subsequently reduced to 3 years, and, here, plaintiff failed to compel the issuance of letters of administration until after the 3-year period had expired.

■ Even if the relation back theory had been preserved for review, it would nonetheless be necessary to reject it. A dead person cannot be party to a lawsuit, and an action filed against a dead person does not invoke the jurisdiction of the court. (*Reed v. Long* (1970), 122 Ill. App. 2d 295, 259 N.E.2d 411.) Thus, where an original complaint is filed against a dead person before the applicable statute of limitations has run, but after the statute of limitations runs the decedent's representative is substituted by amendment, the statute of limitations is a valid defense to the action. (*Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 358 N.E.2d 293.) The action against defendant, as administrator of the estate of Bernice Schultz, was not commenced until after the ordinary 2-year period of limitations had expired and is therefore barred.

### III

■ Finally, plaintiff contends that defendant should be estopped from asserting the statute of limitations as a defense. It has been held that no exceptions to section 204 may be created by judicial decision (*Pratt v. Baker* (1964), 48 Ill. App. 2d 442, 199 N.E.2d 307, *cert. denied* (1967), 389 U.S. 874, 19 L. Ed. 2d 157, 88 S. Ct. 165), and its application may neither be waived nor may the doctrine of estoppel be applied (*In re Estate of Ito* (1977), 50 Ill. App. 3d 817, 365 N.E.2d 1309). In any event, the facts in this case do not support plaintiff's estoppel argument.

■ A party claiming the benefit of an estoppel must prove that he reasonably relied upon representations and conduct of the party against whom the estoppel is alleged (*National Tea Co. v. 4600 Club, Inc.* (1975), 33 Ill. App. 3d 1000, 339 N.E.2d 515) and did not close his eyes to the obvious (*Lowenberg v. Booth* (1928), 330 Ill. 548, 162 N.E. 191). The mere pendency of negotiations with an insurance carrier is not a sufficient basis for invoking an estoppel. *Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 358 N.E.2d 293.

Plaintiff relies on the fact that although the Schultzes' insurance carrier entered into negotiations with him prior to the filing of the original complaint, it did not reveal to him that Bernice Schultz had died. Edwin Schultz also failed to advise plaintiff that his parents were deceased. These allegations are insufficient to work an estoppel because plaintiff undisputedly had notice of the deaths of Walter and Bernice Schultz on July 15, 1975. Thereafter, 18 months elapsed before the 3-year claim

period expired, thus barring plaintiff's cause of action under section 19 of the Limitations Act. Plaintiff's failure to administer upon the estate of Bernice Schultz within that 18-month period was not due to any representation or conduct by either the deceased's insurance carrier, her son, or her representative. During that period all pertinent facts were known to the plaintiff.

For these reasons, the judgment of the circuit court of Cook County dismissing plaintiff's lawsuit is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.