IVAN D. BRICKER *et al.*, Plaintiffs-Appellants, *v.* DAN BORAH, Special Adm'r of the Estate of Winnie Ashworth, Deceased, Defendant-Appellee.

Fifth District   No. 5—83—0552

Opinion filed August 7, 1984.—Rehearing denied September 13, 1984.

Fehrenbacher Law Offices, of Olney, for appellants.

Douglas A. Enloe, of Gosnell, Benecki, Borden & Enloe, of Lawrenceville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, Ivan D. Bricker and Marilyn Wilson, appeal from the judgment of the circuit court of Richland County dismissing their action for personal injuries and property damage against Dan Borah, special administrator of the estate of Winnie Ashworth, deceased. The trial court found that plaintiffs' causes of action were barred by section 14 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 15) and section 204 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 204, now Ill. Rev. Stat. 1983, ch. 110½, par. 18—12(a),(b)).

Plaintiffs' causes of action arose out of an automobile collision that occurred on December 25, 1975. Ashworth died from injuries she sustained in the collision. On December 20, 1978, plaintiffs filed their complaint against "Winnie Ashworth, defendant." On the same day, plaintiffs filed a motion for appointment of a special administrator, wherein they suggested the death of Ashworth and alleged that there had been no petition for letters of office filed for the administration of Ashworth's estate. Their motion was granted, and Dan Borah was appointed special administrator. Summons issued the same day, and Borah was served with process the following day.

On June 19, 1979, upon motion and order, plaintiffs amended their complaint by substituting the special administrator as party defendant in place of the decedent. Defendant Borah, as special administrator, moved to dismiss the amended complaint. Defendant argued that the causes were barred by sections 14 and 19 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, pars. 15, 20), and that the allowance of plaintiffs' motion to substitute the special administrator as a party defendant was error, as the causes were nullities and did not invoke the jurisdiction of the court because the complaint was filed against a deceased person. The circuit court dismissed the complaint for these reasons.

Plaintiffs contend first that the complaint filed on December 20, 1978, stated proper and valid causes of action against the special administrator and that it was later properly amended to include him as a party defendant under the "relation back doctrine" contained in section 46 of the former Civil Practice Act (Ill. Rev. Stat. 1977, ch.

110, par. 46). Alternatively, plaintiffs contend that since the complaint filed on June 19, 1979, was filed within six months of the appointment of the special administrator, this case should be governed by section 19 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 20), and, therefore, their complaint so filed stated proper and valid causes of action against the special administrator and was improperly dismissed.

■ We would first observe that the circuit court had no authority to appoint a special administrator under either former section 54 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 54), now section 2—1008 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1008) or section 3 of the Wrongful Death Act (Ill. Rev. Stat. 1977, ch. 70, par. 2.1). The Wrongful Death Act only applies where the act of the defendant causes the death of the person injured; here the plaintiffs are living persons. Section 54 of the Civil Practice Act allowed the court to appoint a special administrator when a person, properly made a party to an action, dies, so that the action will not abate.

■■ A complaint filed against a dead person is void *ab initio*, a nullity, and does not invoke the jurisdiction of the circuit court. (*Volkmar v. State Farm Mutual Automobile Insurance Co.* (1982), 104 Ill. App. 3d 149, 432 N.E.2d 1149; *Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 358 N.E.2d 293.) Thus, under the reasoning of *Reed v. Long* (1970), 122 Ill. App. 2d 295, 259 N.E.2d 411, the court's allowance of plaintiffs' motion to substitute the special administrator of Winnie Ashworth's estate, improperly appointed, as the party defendant was of no effect as there was no pending action in which he could be substituted, nor had there been any proper party thereto whom he could be substituted for. Plaintiffs' relation back theory must fail. Their complaint filed on December 20, 1978, did not state a cause of action against anyone and therefore cannot serve as a complaint to which an amendment can be made and relate back.

■ With regard to plaintiffs' alternate theory, *McCue v. Colantoni* (1980), 80 Ill. App. 3d 731, 400 N.E.2d 683, is directly in point and disposes of plaintiffs' theory adversely to them. There the court explained the special extension period of section 19 of the Limitations Act where an action is commenced against an administrator of a decedent's estate, properly appointed, where the putative tortfeasor dies before the two-year period of limitation provided in section 14 expires. Section 19 of the Limitations Act would then be applicable because the action there and here was commenced "after the expiration of the time limited for the commencement of the action." Initially, we

question the circuit court's subject matter jurisdiction to entertain an amendment to a void complaint and to appoint a special administrator in this case. But even if we were to conclude that the amended complaint constituted a separate action against the special administrator (see, *e.g., Kasper v. Frank* (1972), 9 Ill. App. 3d 481, 292 N.E.2d 508), it was not filed until more than three years after the death of the decedent and was therefore "otherwise barred" by section 204 of the Probate Act since the record establishes that no letters of administration were ever issued. Since no letters had been issued prior to December 25, 1978, the portion of section 204 that bars all claims otherwise barrable under that section when letters do not issue came into play. As in *McCue,* plaintiffs here failed to cause the issuance of letters of administration during the three-year period and, thus, failed to pursue their claim against the estate of Winnie Ashworth within the applicable period of limitations. 80 Ill. App. 3d 731, 735, 400 N.E.2d 683, 686.

For the foregoing reasons the judgment of the circuit court of Richland County is affirmed.

Affirmed.

WELCH, P.J., and JONES, J., concur.