RICHARD L. HANNAH, Plaintiff, v. WILBUR GILBERT, Defendant-Appellee (Gilbert Brothers, Inc., Plaintiff-Appellant).

Fourth District   No. 4—90—0350

Opinion filed December 28, 1990.

Lawrence E. Johnson, of Lawrence E. Johnson & Associates, P.C., of Champaign, for appellant.

L. Keith Hays, of Monticello, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiff Gilbert Brothers, Inc., appeals from the order of the circuit court of Piatt County entering a judgment *n.o.v.* in favor of defendant Wilbur "Nick" Gilbert and against the plaintiffs Richard L. Hannah and Gilbert Brothers, Inc. Plaintiff Hannah has not appealed. We reverse.

The facts of this case are undisputed. On April 6, 1981, Richard L. Hannah filed a cause of action against Wilbur "Nick" Gilbert and Steven Gilbert. The complaint alleged that Nick had breached a noncompetition clause in a contract for the sale of Gilbert Brothers, Inc. (a trucking business), and that Steven had tortiously induced the breach. The cause proceeded to a jury trial.

On March 8, 1982, Hannah filed a petition for guardianship, alleg-

ing that Nick was incompetent due to Alzheimer's disease. The court allowed the petition and appointed Helen Gilbert, Nick's wife, guardian of the person and estate of Nick.

The jury returned a verdict awarding Hannah $150,000, allocating $75,000 each against Nick and Steven. Steven Gilbert appealed and, on January 21, 1985, this court reversed, holding that Gilbert Brothers, Inc., rather than Richard L. Hannah, was the proper party to bring the cause of action. *Hannah v. Gilbert* (1985), 129 Ill. App. 3d 1161 (unpublished order under Supreme Court Rule 23).

The complaint was refiled, naming Gilbert Brothers, Inc., and Richard L. Hannah as plaintiffs and Wilbur "Nick" Gilbert and Steven Gilbert as defendants. The cause again proceeded to a jury trial. On March 30, 1987, a final report in the guardianship estate was approved and the guardian was discharged. Nick died approximately eight months later, on November 26, 1986.

On May 11, 1987, one of the attorneys for Nick filed a "Suggestion of Death of Party," informing the trial court and Gilbert Brothers and Hannah that Nick died intestate on November 26, 1986, that Nick left no estate which passed by probate, that all real estate and bank deposits passed to his surviving joint tenant by operation of law, and that no probate of Nick's estate was contemplated by his heirs.

Plaintiffs filed a motion to appoint a special administrator pursuant to section 2—1008(b) of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1008(b)) on March 23, 1988. A hearing was held and, over the objection of Helen Gilbert, she was appointed special administrator in an order signed on June 21, 1988. We dismissed Helen's appeal contesting the appointment. *Gilbert Brothers, Inc. v. Gilbert* (4th Dist. Nov. 15, 1988), No. 4—88—0544, (order of dismissal).

On February 2, 1990, the jury returned a verdict in favor of Steven and against plaintiffs and in favor of plaintiffs against Nick, awarding plaintiffs $107,300 in damages. Judgment was entered on the verdicts.

The special administrator filed a post-trial motion requesting that the trial court enter a judgment *n.o.v.* in favor of Nick or, alternatively, order a new trial. The motion alleged, in relevant part, that "no Letters of Administration have issued from this or any other court and as a matter of law judgment herein is absolutely barred by the provisions of section 18—12(b) of the Probate [Act] in that more than three years have elapsed since the death of the defendant." See Ill. Rev. Stat. 1987, ch. 110½, par. 18—12(b).

On April 27, 1990, the court granted the special administrator's

post-trial motion for judgment *n.o.v.* and vacated the judgment against Nick. In its memorandum order, the trial court reasoned that, "no letters of office were issued within 3 years after Nick's death as required by section 18—12(b). 'Simply put, no estate was opened upon which a claim could effectively have been made.' *McCue v. Colantoni* [(1980), 80 Ill. App. 3d 731, 736, 400 N.E.2d 683, 687]." On appeal, plaintiff Gilbert Brothers, Inc., contends that the trial court erred in vacating the judgment against Nick. We agree.

Although this action was filed within Nick's lifetime, he died during the pendency of the litigation. A special administrator was appointed to defend the action against Nick pursuant to section 2—1008(b) of the Civil Practice Law. However, plaintiffs never petitioned the court to issue letters of administration upon Nick's estate pursuant to section 9—4 of the Probate Act of 1975 (Probate Act) (Ill. Rev. Stat. 1987, ch. 110½, par. 9—4). Consequently, an administrator was never appointed. The jury returned its verdict against Nick approximately three years and two months after his death.

■■■ Before addressing the issue raised on appeal in this case, we note that a special administrator appointed pursuant to the Civil Practice Law for the purpose of defending an action is not the equivalent of an administrator appointed pursuant to the Probate Act. The appointment of a special administrator does not trigger the issuance of letters of office or empower anyone to distribute the assets of the decedent's estate in order to satisfy a judgment against the decedent. When a special administrator is appointed for the purpose of defending an action against the decedent, her statutory power is limited to defense of the action. Such an appointment within three years of the decedent's death does not satisfy the letter or the spirit of section 18—12(b), which requires that letters of office must issue within the statutory time frame. Section 18—12(b) provides as follows:

> "Unless sooner barred under subsection (a) of this Section, all claims barrable under this Section are, in any event, barred unless letters of office are issued upon the estate of the decedent within 3 years after decedent's death." Ill. Rev. Stat. 1987, ch. 110½, par. 18—12(b).

At issue in this case is whether the trial court erred in concluding that the time bar of section 18—12(b) renders the civil judgment returned against Nick more than three years after his death a nullity. The special administrator argues that the trial court correctly held that the claim represented by the lawsuit against Nick was barred upon the expiration of the three-year period. Plaintiff concedes that section 18—12(b) may affect its ability to collect a judgment against

Nick, but contends that the statute has no effect upon the validity of the judgment.

Although we have never ruled upon the effect of section 18—12 on the validity of a judgment, we have addressed the statute's effect upon a plaintiff's ability to pursue a civil cause of action against a decedent.

In *Schloegl v. Nardi* (1968), 92 Ill. App. 2d 302, 234 N.E.2d 558, the decedent, Perrine, was involved in an auto accident on July 13, 1963, with a vehicle driven by the plaintiff, Schloegl. The other plaintiffs were passengers in Schloegl's automobile. On January 31, 1964, Perrine died testate of causes unrelated to the accident. Perrine's estate was opened on February 5, 1964. A claim date was duly published on three separate dates in February 1964. The estate was inventoried, administered, and closed. The final report of the executors was filed on November 13, 1964. On July 9, 1965, the plaintiffs filed an action in tort against the decedent for injuries and damages suffered as a result of the accident of July 13, 1963. Schloegl also filed a petition in the probate division of the court, praying that the estate be reopened and the defendants be reinstated as executors. Service of summons was had on defendants.

The defendants subsequently filed a special appearance, moving to quash the service of summons and any order entered in connection with the law and the probate proceedings. The trial court entered orders quashing service of summons against the defendants in both the negligence action and in the probate division. The order in the probate division also vacated the court's prior order which had reopened the estate and reinstated the executors. The trial court reasoned that the plaintiffs' claim for injuries was barred by a prior codification of section 18—12.

On appeal, this court reversed both orders, reasoning that the period of administration set forth in the Probate Act is not a period of limitation for filing an action for injuries against the decedent. (*Schloegl*, 92 Ill. App. 2d at 305, 234 N.E.2d at 561.) We explained that the Probate Act's limitation on the payment of claims may affect the future collectibility of any judgment rendered against the decedent, but did not bar the plaintiffs' action:

> "The general statute of limitations is the sole governing statute which operates as an absolute bar to the filing of the action for the personal injuries. The administration of the decedent's estate here bars the plaintiffs from collecting on any judgment that may be obtained from the property of the decedent which was inventoried and distributed. [Citations.] If the causes of

action asserted in the counts of the complaint filed by the plaintiffs are ever reduced to judgment, any satisfaction of those judgments must be obtained from assets of the decedent not inventoried and properly administered. [Citation.] However, the prior administration of this estate is no bar to reopening the estate so closed to assert an action for damages otherwise properly brought within the ordinary statute of limitations applicable to the cause of action sought to be asserted." *Schloegl*, 92 Ill. App. 2d at 306, 234 N.E.2d at 561.

■ Other courts have recognized that section 18—12 of the Probate Act is incorporated by reference into section 13—209 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 13—209) and may bar the pursuit of a civil cause of action against decedent. (*Bricker v. Borah* (1984), 127 Ill. App. 3d 722, 469 N.E.2d 241; *McCue v. Colantoni* (1980), 80 Ill. App. 3d 731, 400 N.E.2d 683.) Section 13—209 of the Code is the applicable statute of limitations for actions brought against the personal representative of a person who has died before the action was commenced.

In *McCue*, the First District Appellate Court interpreted a prior codification of section 13—209 of the Code and noted that section 18—12 of the Probate Act was incorporated by reference into its provisions. McCue, the plaintiff, sustained injuries when he tripped and fell on a sidewalk. The property on which plaintiff fell had been owned in joint tenancy by Walter and Bernice Schultz until Walter's death on March 14, 1968. Bernice thereafter owned the property as surviving tenant until her death on January 23, 1974. On March 17, 1975, plaintiff filed an action for negligence naming Walter and Bernice Schultz as defendants and seeking to recover for personal injuries sustained in the fall. A special and limited appearance and motion to quash service of summons on behalf of the defendants was heard and granted on July 15, 1975. At that time, death certificates for both Walter and Bernice were presented to the court and served upon plaintiff's attorney. Plaintiff subsequently filed an amended complaint.

On February 8, 1977, plaintiff petitioned the court to open an estate for Bernice Schultz, and letters of administration were issued appointing defendant Anthony Colantoni administrator of her estate. On February 25, 1977, Colantoni was substituted for Bernice Schultz as a defendant and a second-amended complaint was filed naming only Colantoni, in his capacity as administrator, as defendant. Colantoni filed a motion to dismiss the action based on section 19 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 20) and section 204 of the Probate Act (a prior codification of section 18—12) (Ill. Rev. Stat.

1973, ch. 3, par. 204). The trial court granted defendant's motion to dismiss and entered an order striking the plaintiff's complaint and dismissing the lawsuit.

The appellate court affirmed the trial court's order, reasoning that the plaintiff's action was barred by section 19 of the Limitations Act, which incorporated section 204 of the Probate Act into its provisions:

"Section 14 of the Limitations Act provides that a personal injury action must be commenced within 2 years after the cause of action arose [citation]. Where, however, the person against whom the action is to be brought dies before the 2-year period expires, section 19 of the Limitations Act governs the period within which an action may be brought against an administrator after the expiration of the time provided by section 14. In pertinent part, section 19 states:

'If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, *and is not otherwise barred,* an action may be commenced against his executors or administrators after the expiration of the time limited for the commencement of the action, and within 6 months after the issuing of letters testamentary or of administration.' (Emphasis added.) Ill. Rev. Stat. 1973, ch. 83, par. 20.

The phrase 'and is not otherwise barred' in section 19 has been construed to refer to the companion provision in section 204 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 204, now Ill. Rev. Stat. 1977, ch. 110½, par. 18—12), rather than the other sections of the Limitations Act. [Citations.] Section 204 states: .
      \* \* \*

'*All claims barrable under this section are in any event barred 3 years after the death of the decedent unless letters are issued upon the estate of the decedent within 3 years after his death.*' (Emphasis added.) [Citation.]
        \* \* \*

Here, plaintiff's injuries were sustained on March 29, 1973. Bernice Schultz died on January 23, 1974. The letters of administration appointing defendant as the administrator of the estate of Bernice Schultz were not issued until February 8, 1977, 2 weeks after the expiration of the 3-year claim period. A complaint naming the administrator as a defendant was not filed until February 25, 1977. Clearly, plaintiff failed to compel the

issuance of letters of administration during the 3-year period and, thus, failed to pursue his claim against the estate of Bernice Schultz within the applicable period of limitations." *McCue*, 80 Ill. App. 3d at 733-35, 400 N.E.2d at 685-86.

The *McCue* court then reconciled its holding with our decision in *Schloegl*:

> "The decision in *Schloegl v. Nardi* [citation] does not mandate a different result. There, the court concluded that the administration of the estate of the alleged tortfeasor, including an inventoried liability insurance policy, did not bar the reopening of the estate to assert an action for damages, when brought before the statute of limitations ordinarily applicable to the cause of action had run. The holding in *Schloegl* pertained to a claim which was properly and timely brought within the general statute of limitations. The instant case is distinguishable because plaintiff failed to bring his action against the administrator before the ordinary 2-year period of limitations had run and, furthermore, failed to administer upon the estate of the decedent within 3 years of her death." *McCue*, 80 Ill. App. 3d at 736, 400 N.E.2d at 687.

■ *Schloegl* and *McCue* indicate that section 18—12 of the Probate Act operates as a time bar only when the action brought against the decedent falls within the purview of section 13—209 of the Code. Section 13—209 does not govern the action brought by the plaintiffs in this case. The instant suit was commenced during the lifetime of the decedent and well within the 10-year statute of limitations for actions on written contracts. (Ill. Rev. Stat. 1985, ch. 110, par. 13—206.) Further, the statute of limitations was never invoked at trial as a bar to the plaintiffs' action. If section 18—12(b) of the Probate Act provides no bar to the plaintiffs' pursuit of this action, it certainly provides no basis for vacating a judgment in the plaintiffs' favor.

*In re Estate of Worrell* (1982), 92 Ill. 2d 412, 442 N.E.2d 211, lends further support to the foregoing conclusion. In *Worrell*, the plaintiff filed a dramshop action against tavern owner Mary Worrell. After the action was filed but before it was tried, Worrell died intestate on July 19, 1978. On August 22, 1978, letters of administration were issued and publication for claims of creditors was made in accordance with the Probate Act. The initial inventory of Worrell's property, including her tavern and a motel she owned, was filed in the probate proceeding. The statutory period for claims against the estate as originally inventoried provided for in section 18—12(a) of the Probate Act expired. Plaintiff, then aware of Worrell's death, sent notice

of his claim to the administrator on April 30, 1979. More than one month later, plaintiff filed notice of his claim in the probate proceedings.

In November 1979, judgment was entered in favor of plaintiff in the amount of $15,000. Of that amount, $5,000 was paid by the tavern's insurance carrier. Plaintiff looked to the estate in order to satisfy the remaining balance. The circuit court rejected plaintiff's claim for payment of the balance of his judgment out of the estate assets, ruling that his claim was presented to the administrator too late to be satisfied from inventoried assets.

The Illinois Supreme Court affirmed the ruling of the circuit court, observing that the fact that a suit is pending against the decedent at the time of death does not amount to an exhibition of the claim or demand made against the estate. *Worrell*, 92 Ill. 2d at 418, 442 N.E.2d at 214.

The special administrator argues that *Worrell* demonstrates that the bar of section 18—12 is absolute. However, in *Worrell*, section 18—12 only operated as a bar to the plaintiff's claim for collection against the decedent's estate. The *Worrell* court did not question the validity of the judgment in plaintiff's dramshop action which the circuit court entered long after the claim period set forth in section 18—12(a) had expired.

■ We conclude that section 18—12(b) of the Probate Act has no effect upon the validity of the jury verdict against Nick. The trial court erred in vacating the judgment in favor of the plaintiffs. Accordingly, we reverse the trial court's entry of judgment *n.o.v.* and remand the cause with instructions to reinstate the jury verdict in favor of the plaintiff-appellant, Gilbert Brothers, Inc.; the trial court's judgment stands as to plaintiff Hannah, who took no appeal therefrom.

Reversed and remanded with directions.

SPITZ and McCULLOUGH, JJ., concur.