WILLIS C. MARCUS *et al.*, Plaintiffs-Appellants, v. ART NISSEN AND SON, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—89—2828

Opinion filed December 31, 1991.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Flux-gold, of counsel), for appellants.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Robert W. Soderstrom, James R. Murray, and Susan M. Luther, of counsel), for appellees Art Nissen & Son, Inc., and Carroll Stanton.

Redding & Hyde, of Chicago (Julius V. Padegimas and Kevin M. Lynch, of counsel), for appellees David Porzel and Cathleen Porzel.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal arises from a negligence action by the plaintiffs, Willis C. Marcus and his wife, Marjorie Marcus, against the defendants, Art Nissen and Son, Inc., Carroll Stanton, David Porzel and Cathleen Porzel. Willis Marcus was injured in a three-car accident with the defendants on September 11, 1986. He died of unrelated causes on January 30, 1988. Several months later, on September 12, 1988, a lawsuit was filed on behalf of Willis Marcus and Marjorie Marcus. The suit sought recovery of money damages for Willis Marcus' personal injuries and for his wife's loss of consortium. The complaint was titled "Willis C. Marcus and Marjorie Marcus, Plaintiffs."

After the applicable statute of limitations had expired, the defendants moved to dismiss on the grounds that plaintiff Willis Marcus was dead on the date the complaint was filed and the lawsuit was therefore a nullity. The defendants also alleged that plaintiff Marjorie Marcus' claim for loss of consortium must fail because her husband's suit was not timely filed.

The plaintiffs responded by asking for leave to amend the complaint as to the claim of Willis Marcus by substituting Marjorie Marcus as administrator of her husband's estate as the party plaintiff. The plaintiffs further asked that the amended complaint relate back to the date the original complaint was filed. The trial court denied the motion to amend and dismissed the complaint.

On appeal, the plaintiffs contend that the trial court should have allowed the filing of an amended complaint naming a proper party plaintiff to relate back to the date the original complaint was filed, pursuant to section 2—616(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(b)). Additionally, Marjorie Marcus contends that her loss of consortium claim was independent from her husband's claim and was timely filed.

■ This cause involves the relationship between the amendment of pleadings and the running of a statute of limitations. The statute of

limitations for personal injury actions is two years.[1] Willis Marcus' original complaint, brought in his name, was filed within that two-year period. However, the motion to amend the complaint to name the administrator of his estate as plaintiff was brought after the statute of limitations had run. Section 2—616(a) of the Code of Civil Procedure provides that prior to final judgment, an amendment may be allowed to introduce "any party who ought to have been joined as plaintiff or defendant." (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(a).) Section 2—616(b) also provides for the relation back of amendments as follows:

"The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act *** which is a necessary condition precedent to the right of recovery *** if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action ***." Ill. Rev. Stat. 1989, ch. 110, par. 2—616(b).

The legislative intent of the relation back provision in section 2—616 has been construed as the preservation of causes of action against loss by reason of technical rules of pleading. (*Lopez v. Oyarzabal* (1989), 180 Ill. App. 3d 132, 135, 535 N.E.2d 8.) Relation back has been allowed in several cases where a complaint was filed on behalf of a deceased plaintiff in the name of a person who had not yet been appointed administrator or in the name of an administrator whose appointment was in some way defective. (*Lopez v. Oyarzabal* (1989), 180 Ill. App. 3d 132, 535 N.E.2d 8; *Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 447 N.E.2d 982; *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95.) We find the

---

[1]Section 13—209 of the Code of Civil Procedure extends the limitations period where a person dies prior to the expiration of the time limited for the commencement of an action. In that case, the action may be brought by the decedent's representative no later than one year after the death. (Ill. Rev. Stat. 1989, ch. 110, par. 13—209.) This extension is of no help to the plaintiffs here, however, because the motion for leave to amend was filed more than one year after Willis Marcus' death.

reasoning expressed in these cases instructive, even though none of them addressed the precise situation presented in the case at bar, where the complaint was actually filed in the name of the deceased plaintiff.

■ In *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 207 N.E.2d 440, the supreme court considered whether a relation back could occur where a man's family brought suit for loss of support under the Dramshop Act. After the statute of limitations had expired, the plaintiffs attempted to amend the complaint to satisfy the requirement that such suits be brought in the name of the provider for the use and benefit of the family members. The supreme court allowed the amended complaint to relate back, stating that the amended complaint arose out of the same occurrence as the original complaint and that the defendants had suffered no prejudice. Quoting an earlier supreme court case, the *Simmons* court stated that the sole requirement of section 46 of the Civil Practice Act (the predecessor of section 2–616) "is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading." (*Simmons*, 32 Ill. 2d at 495, 207 N.E.2d at 443, citing *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 229, 15 N.E.2d 838, 842.) The court explained that "insofar as a prescription or limitation of time is concerned, a defendant has not been prejudiced so long as his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." (*Simmons*, 32 Ill. 2d at 495, 207 N.E.2d at 443.) The same reasoning was recently applied by this court in *Lopez v. Oyarzabal* (1989), 180 Ill. App. 3d 132, 535 N.E.2d 8, where we stated that "[t]he right to amend and the relation back of an amendment depend on whether the original complaint furnished to the defendant all the information necessary for him to prepare a defense to the claim subsequently asserted in the amended complaint." *Lopez*, 180 Ill. App. 3d at 135, 535 N.E.2d at 10, citing *Joyce v. Wilner* (1987), 156 Ill. App. 3d 702, 706, 509 N.E.2d 769, 771.

■ In the case at bar, plaintiff Willis Marcus was injured in a car accident and subsequently died of causes unrelated to the accident. The negligence action was filed within the two-year limitations period, although it was improperly filed in Willis Marcus' own name rather than in the name of his wife as administrator of the estate. The defendants therefore had notice within the time prescribed by the statute of limitations that a suit was being filed that they would have to defend. The amended complaint stated the same cause of action as the original complaint and would have done nothing more than substi-

tute the administrator of the estate as the plaintiff in the lawsuit. Under the language of section 2—616(b) and the reasoning expressed in the cases discussed above, we believe that the trial court should have allowed the filing of an amended complaint which would then relate back to the date the original complaint was filed.

The defendants argue that the above-cited cases are distinguishable because the plaintiffs in those cases, although not proper parties for whatever reason, were at least alive at the time the suits were filed. The defendants assert the proposition that a complaint filed by or against a dead person does not invoke the jurisdiction of the court and is accordingly a nullity. Thus, the defendants maintain that because the original complaint was a nullity, there was nothing to which the amended complaint could relate back. The defendants cite several cases to support their argument. These cases are distinguishable from the case at bar in that they involve lawsuits where the defendant, not the plaintiff, was deceased at the time the suit was filed. *Bricker v. Borah* (1984), 127 Ill. App. 3d 722, 724, 469 N.E.2d 241, 242-43 ("[a] complaint filed against a dead person is void *ab initio*, a nullity, and does not invoke the jurisdiction of the circuit court"); *Volkmar v. State Farm Mutual Automobile Insurance Co.* (1982), 104 Ill. App. 3d 149, 151, 432 N.E.2d 1149, 1151 ("proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity *** and do not invoke the jurisdiction of the trial court"); *McCue v. Colantoni* (1980), 80 Ill. App. 3d 731, 737, 400 N.E.2d 683, 687 ("[a] dead person cannot be party to a lawsuit, and an action filed against a dead person does not invoke the jurisdiction of the court"); *Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 974, 358 N.E.2d 293, 294 ("[t]he law is clear that a dead person cannot be a party to a suit, and that a suit filed against a dead person does not invoke the jurisdiction of the trial court").

All of the above-cited cases involve lawsuits filed against dead defendants. None contains a rationale for the stated proposition. The cases do, however, consistently cite *Reed v. Long* (1970), 122 Ill. App. 2d 295, 259 N.E.2d 411, and *Bavel v. Cavaness* (1973), 12 Ill. App. 3d 633, 299 N.E.2d 435, as authority for the idea that a suit filed by or against a dead person is a complete nullity and does not invoke the jurisdiction of the court. Neither *Reed* nor *Bavel* addresses the relation back doctrine contained in section 2—616 or its predecessors, and only *Bavel* comes close to stating a rationale for the proposition in question. The court in *Bavel*, citing to a volume of Illinois Law and Practice, states that "[i]t is axiomatic that in order to have a civil suit in tort there must be a plaintiff and a defendant and it is likewise

clear that the prime requisite as to parties, whether plaintiffs or defendants, is that they be either a natural or artificial person and that the capacity to be sued exists only in persons in being and not those who are dead or have not yet been born." *Bavel*, 12 Ill. App. 3d at 637, 299 N.E.2d at 438, citing 29 Ill. L. & Prac. *Parties* §21, at 164 (1957).

We have no quarrel with the proposition that a lawsuit must have a plaintiff and a defendant and that both must be in existence for the lawsuit to proceed. The sole question before us is whether the trial court should have allowed the filing and relation back of an amended complaint which would have substituted the administrator, a living person, as the party-plaintiff in this lawsuit. As previously discussed, nothing in the language of section 2—616 would prevent such a result. To the extent that the cases cited by the defendants contain language indicating that a complaint filed in the name of a deceased plaintiff is a nullity for purposes of applying the relation back doctrine, we disagree with those cases.

The Illinois Supreme Court recently had the opportunity to assess the validity of the proposition that a lawsuit filed by or against a deceased person is a nullity for purposes of the relation back doctrine. In *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 533 N.E.2d 885, *cert. denied* (1989), 492 U.S. 907, 106 L. Ed. 2d 568, 109 S. Ct. 3218, the plaintiffs filed a negligence complaint against the defendant, unaware of the fact that the defendant was deceased. After the statute of limitations had run, the plaintiff sought to amend the complaint to substitute the executors of the estate as the defendants and to have the amended complaint relate back to the date of the original complaint pursuant to section 2—616(d). (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(d).) The trial court denied leave to amend and the complaint was dismissed. The appellate court affirmed on the grounds that the original complaint was a nullity and could therefore not be amended. In discussing the relation back issue, the supreme court made the following statements:

> "We must *** determine whether the second complaint relates back (for statute of limitations purposes) to the initial complaint which named as defendant a deceased individual. For us to simply label the initial suit a 'nullity' (see *Wells v. Lueber* (1976), 43 Ill. App. 3d 973[, 358 N.E.2d 293]; *Reed v. Long* (1970), 122 Ill. App. 2d 295[, 259 N.E.2d 411]) would be to answer this question in the negative without explanation. We must instead first examine certain Code provisions relied on by plaintiffs in the appellate court (provisions involving the rela-

tionship between the amendment of pleadings and the running of a statute of limitations) and determine whether any of those provisions apply." (*Vaughn*, 126 Ill. 2d at 157, 533 N.E.2d at 888.)

The court then determined that "[r]egardless of whether an action against a decedent is under all circumstances a nullity," relation back was not proper in the case before it because section 2—616(d) expressly required that the substituted defendant receive notice of the pending action prior to the running of the statute of limitations. (*Vaughn*, 126 Ill. 2d at 160, 533 N.E.2d at 889.) In *Vaughn*, no such notice was given.

We find it significant that the supreme court declined to base its holding in *Vaughn* on the proposition that a complaint filed against a dead person is a nullity for purposes of the relation back doctrine, even though that was the basis of the appellate court decision. Instead, the court examined the language of section 2—616 to determine whether relation back was permissible and held that it was not because the defendant sought to be substituted did not receive notice prior to the lapse of the limitations period as required by section 2—616(d). The situation in the case at bar is somewhat different from that in *Vaughn*, in that it involves substitution of a party-plaintiff rather than a party-defendant and is therefore controlled by section 2—616(b). As previously discussed, the requirements of section 2—616(b) were met because the defendants here were notified of the cause of action prior to the running of the statute of limitations when the original complaint, stating the same cause of action, was filed. Under these circumstances, we believe it was error for the trial court to grant the defendants' motions for dismissal and summary judgment.

Our disposition of the cause on this basis makes it unnecessary for us to address the issue raised by plaintiff Marjorie Marcus concerning the timeliness of her action for loss of consortium.

Accordingly, the judgments of the trial court are reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LINN and McMORROW, JJ., concur.